ANDREW WHITE, Plaintiff in Error, *v.* JAMES P. HOGUE,
Defendant in Error.

### ERROR TO McDONOUGH.

Under the twenty-sixth section of the practice act (in attachment suits), a declara-
tion should be filed during the return term, or the defendant, by appearing, may
have judgment for costs, unless the plaintiff designs to entitle himself to a hear-
ing, in which case it should be filed ten days before the term.

It would seem to be requisite, if the party defendant desires to dismiss at the return
term, for want of a declaration, that a rule should be taken on the plaintiff to
file one.

THIS was an attachment suit, commenced by the plaintiff in
error, against the defendant in error, in the circuit court of
McDonough county. The affidavit was filed on the 16th of
September, 1856, setting forth a cause of indebtedness, and
that the defendant was not a resident of this state. Bond was
filed, and a writ of attachment issued, which was made return-
able to the next term, commencing on the 13th day of October,
1856. This writ was levied on real estate, on the 17th day of
September, 1856, and served on David Lawson, as garnishee,
on the 8th day of October, 1856.

At the term of the circuit court to which the attachment
was returnable, on the 5th day thereof, the defendant entered
his appearance, and on his motion the suit was dismissed,
because no declaration had been filed, and judgment was
rendered against the plaintiff for costs.

The plaintiff below now brings the case to this court, and
assigns for error:

That the court erred in dismissing the suit, and in rendering
final judgment.

GOUDY and JUDD, for Plaintiff in Error.

C. L. HIGBEE, for Defendant in Error.

CATON, J. This was a foreign attachment, commenced on
the 16th of September, 1856, and returnable to the next term
of the circuit court, which commenced on the 13th of October,
following. On the 17th of September, it was levied on certain
real estate, and served on a garnishee. No personal service
was had on the defendant, nor was any notice published; and
no declaration was filed. During the October term, the
defendant entered his appearance, and on his motion the
action was dismissed for the want of a declaration, which is
now assigned for error.

White *v.* Hogue.

The decision of this case involves a construction of the 26th section of the practice act, which is as follows: "In cases of attachment against absent or absconding debtors, the attaching creditor or creditors shall, on the return of the attachment, or at the term of the court where the same is made returnable, file a declaration, together with a copy of the instrument or account on which the attachment was issued, as in other cases; after which the cause shall proceed as in other cases; and if no declaration shall be filed, the defendant, on entering his appearance, shall have a judgment against the attaching creditor for costs." This section undoubtedly requires the plaintiff to file a declaration at the return term of the attachment, whether he be in a position to demand a trial of the cause or not, or else be liable to a judgment against him for costs, in case the defendant enters his appearance; but it does not, like the eighth section of the act, require him to file his declaration ten days before the term, in order to avoid such consequence, but gives him the whole of the term for that purpose. If he desires to entitle himself to a hearing, and not to avoid a dismissal, the eighth section then applies, and requires him to file his declaration ten days before the term, as in other cases.

As the statute would have been complied with, had the declaration been filed at any time during the term, the motion to dismiss, which was sustained, was premature, being within the time within which the plaintiff had a right to file his declaration. The defendant objects to this construction, for the reason that it postpones his right to have the cause dismissed till the subsequent term, for we cannot know, until the term is closed, that the contingency has happened which entitles the defendant to a judgment for costs. This may be so, unless the defendant should obtain a rule on the plaintiff to file his declaration within some reasonable time during the term, which the court would have the right to enter, under its general powers of control over the business before it. Such a power we think the court possesses in cases of this kind. As this case was dismissed during the first term, without any rule having been entered for a declaration, we think the court erred, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*