EDWIN R. STODDARD, Plaintiff in Error, *v.* JOHN T. MILLER *et al.*, Defendants in Error.

### ERROR TO OGLE.

A plea in abatement to an attachment writ, will not preclude a party from afterwards moving to dismiss the suit, because the declaration was not filed in apt time.

A declaration in attachment should be filed at the return term; if it is not, the suit may be dismissed at the next term. A rule may be granted requiring a plaintiff to file a declaration at the return term, upon penalty of dismissal if the rule is disobeyed.

The statute applies as well to cases where there is, as where there is not personal service.

THIS was an action of assumpsit, commenced by attachment.

Writ of usual form, returnable at June term, 1859, upon the back of which is the following return: " Served the within on the within Joseph C. Jarvis, by reading the same in his presence and hearing, this seventh day of April, 1859."

By virtue of the within writ of attachment, I have this 6th day of April, A. D. 1859, levied upon the following described real estate, to wit, Lot three in Block No. six in the town of Lane, in the county of Ogle, and State of Illinois, according to the original plat of said town.　F. G. PETRIE, *Sheriff.*

By JOHN A. HUGHES.

Plea, in abatement of the writ, that defendant was not about to leave the State, with the intention, etc., verified by affidavit, was filed August 30, 1859.

Declaration in assumpsit, was filed at the September term.

Motion by plaintiff, that the plea in abatement should be stricken from the files, was sustained by the court.

The defendant moved that cause be dismissed for want of a declaration at the return term of said attachment, which motion was sustained.

The errors assigned are, that the court erred in dismissing the suit.

GLOVER, COOK & CAMPBELL, for Plaintiff in Error.

The motion to dismiss the suit because the declaration was not filed at the return term, was a dilatory motion, and could not be made after plea had been filed.

It is like a motion to dismiss for want of security for costs; it must be made at the first term. *Adams* v. *Miller*, 14 Ill. 71; *Adams* v. *Miller*, 12 Ill. 27; *Edwards et al.* v. *Helm*, 4 Scam. 146; *Trustees* v. *Walters*, 12 Ill. 154.

There having been personal service, the action became a personal one, and is governed by the same rule of practice as other personal actions. *Rowley* v. *Berrien*, 12 Ill. 202; *Young* v. *Campbell*, 5 Gilm. 83; *Conn et al.* v. *Caldwell*, 1 Gilm. 536.

By taking issue on the declaration by filing plea, defendant admitted that it was correctly filed. *Donahoe* v. *Gardner*, 24 Ill. 565.

J. M. WIGHT, for Defendants in Error.

Cited, 18 Ill. 150, 273.

WALKER, J. It is insisted, upon the argument, that defendant below, by filing his plea in abatement, waived the right to have the suit dismissed for want of a declaration at the first term of the court. The plea was in abatement of the writ. It was stricken from the files before the declaration was placed upon the files of the court. The plea was not to the declaration, and could not, and did not, operate to admit the right to file the declaration. It only questioned the right to sue out the writ. The grounds for the motion to strike the declaration from the files, arose after the ground of abatement had occurred. The fact that a party insists upon a prior defect, does not preclude him of the right to urge defects

which may subsequently occur in the progress of a trial. The filing of the plea by no means prevented the court from entertaining the motion to dismiss the suit for the want of a declaration in apt time.

Was the neglect to file a declaration, at the first term of the court, a ground for dismissing the suit? The twenty-sixth section of the practice act provides, that the attaching creditor shall, "on the return of the attachment, or at the term of the court where the same is made returnable, file a declaration, with a copy of the instrument or account on which the attachment was issued, as in other cases; and if no declaration shall be filed, the defendant, on entering his appearance, shall have a judgment against the attaching creditor for costs." In the case of *White* v. *Hogue*, 18 Ill. 150, it was held, that the plaintiff must file his declaration at the return term of the writ, but has the whole term in which to file it. And to have the cause dismissed at that term, a rule should be entered, requiring him to file it, in a reasonable time, during the term. In that case it was also held, that the plaintiff, to avoid a dismissal, should file his declaration at the first term, but a failure of the defendant to take such a rule, postponed the right to dismiss until the next term of the court. As the defendant failed to appear and take a rule for a declaration at the return term, he chose to give the plaintiff the whole of the term to file his declaration; and he having failed to file it during that term, the defendant had the right to dismiss the suit at a subsequent term.

It is, however, urged, that as there was personal service in the case, that it falls within the provisions of the eighth section of the same act. There seems to be no such distinction made by the twenty-sixth section. It seems to apply as well in terms as in reason, to cases where there is personal service as where there is not such service. The object of the requirement undoubtedly was to give a speedy trial, or release the property from the attachment, or money from the garnishee process. This reason applies as well to the one case as the other. But even if this was not the object, the statute has

required the declaration to be filed at the return term, and its requirements are imperative, and must be obeyed.

The judgment of the court below is affirmed.

*Judgment affirmed.*