GEORGE CAMP, Appellant, *v.* THOMAS MORGAN, Appellee.

APPEAL FROM SCOTT.

Where a judgment has been reversed, the amount of which was recovered from the defendant below on execution, as also his costs upon fee bills issued, before reversal; and after reversal the defendant in the court below seeks to recover from the plaintiff in that suit, the money recovered on the reversed judgment; he must proceed for the whole amount paid, costs as well as debt; if he dismiss as to the costs, his remedy *pro tanto* will be gone.

In order for the defendant below to recover the costs made by him in defending the original suit, which has been reversed, he should obtain a judgment for such costs against the plaintiff.

The costs made by a defendant are presumed to be paid as the case proceeds; if they are not, a fee bill issues, by the clerk; there is not any judgment for these costs, for which the plaintiff in the original suit is bound to respond; after a judgment for such costs, he will be liable.

A plaintiff cannot divide an entire demand, or cause of action, so as to maintain several actions upon it.

APPELLEE sued appellant before a justice of the peace, on an account; the suit was appealed to the Circuit Court of Scott, where there was a judgment for appellee for $54.96.

The bill of exceptions shows, that appellant obtained a judgment against appellee and one A. J. Morgan, in the Circuit Court of Pike county, for the sum of $100.65, damages and costs of suit, on which judgment, an execution and fee bills were issued against appellee and A. J. Morgan; that appellee satisfied said execution and fee bills, by paying to the sheriff the said sum of $100.65, damages, and the sums of $26.97 and $12.89—said items of $26.97 and $12.89 being the costs of said suit as appears by said fee bills, and being the items for which judgment was rendered in this present case, with interest; that said judgment of the Pike court was subsequently reversed by this court; that afterward appellee brought a suit against appellant to the May term of the Circuit Court of Scott county, 1858, for the purpose of recovering back the said sums of $100.65, and $26.97 and $12.89, paid by him as aforesaid in satisfaction of said execution and fee bills; on the trial of which cause, the plaintiff having proved the payment of the said sum of $100.65, and having failed to prove the payment of the said sums of $26.97 and $12.89, withdrew the last two items, and took judgment for the said $100.65, with interest, at said May term. Since the rendition of said last judgment, this suit has been instituted for the purpose of recovering the said items of $26.97 and $12.89, withdrawn as aforesaid, and which had been paid as aforesaid on said execution and fee bills. This present cause was tried by the court, a jury being waived by the parties. On the trial appellant interposed, in bar, the record and judgment rendered as aforesaid, for the said $100.65, with interest, at said May term of the Circuit Court of Scott. The bill of exceptions further shows that the said items of $26.97 and $12.89, if due to the appellee, were due to him at the time of the institution of the suit as aforesaid, to the May term of the Scott Circuit Court, wherein judgment was rendered for the said $100.65. The court allowed said items of $26.97 and $12.89, and gave judgment therefor, with interest in the sum of $54.96, and costs of suits, to which allowance and judgment, appellant at the time excepted.

The errors assigned are : that the court erred in rendering judgment for appellee, and in not rendering judgment for appellant ; and in not non-suiting the appellee.

KNAPP & CASE, for Appellant.

BERRY & HALDEMAN, for Appellee.

WALKER, J. It appears from this record, that Camp sued Thomas and A. J. Morgan, in the Pike Circuit Court, and recovered a judgment against them for $100.65 and his costs, taxed at $26.97, all of which was collected of appellee, under execution. A fee bill was likewise issued against the Morgans for their costs in the suit, taxed at $12.89, which Thomas Morgan also paid. Subsequently the case was taken to the Supreme Court, and that judgment was reversed. Thomas Morgan then sued Camp, to recover back the money paid in satisfaction of the judgment and those cost bills ; and on the trial of that suit, failing in his evidence to prove payment of the cost bills, he withdrew them from the consideration of the court, and took a judgment against Camp for the $100.65 paid on the execution, with accruing interest. He afterwards instituted a suit before a justice of the peace for the recovery of the money of Camp, paid in satisfaction of the two fee bills. On a trial before the justice, he rendered a judgment in favor of Camp, from which Morgan appealed to the Circuit Court, and the cause was tried by the court without the intervention of a jury, by consent, when the court rendered a judgment in favor of Morgan for $54.96, and from it Camp appeals to this court.

It is insisted that the court erred in receiving evidence of the payment of these fee bills, and rendering a judgment for the amount so paid. The parties to a suit in contemplation of law, pay their own costs, as they are incurred in the progress of the cause. Neither has any claim on the other for costs made by himself, until the court awards their payment by a judgment of recovery, in the proceeding in which they are made. If the party making costs does not pay them when made, he is liable for their payment, on a fee bill issued against him for their collection. This fee bill for $12.89, was all costs incurred by the Morgans in defending the suit, and the evidence does not show that they ever recovered a judgment against Camp for them in that suit. When the judgment was reversed by the Supreme Court, Camp became liable to repay to Morgan the money which he had collected of him under that judgment ; but beyond this it imposed no liability. This cost bill was not collected by Camp, but by the officers to whom the costs were

17

due. No evidence was given that Camp ever had any interest in or control over it, or ever received any portion of the money collected in its satisfaction. This item of $12.89, until recovered by a judgment against him, was not chargeable to Camp, and the court should not have rendered judgment for it against him. Upon a reversal of the original judgment and dismissal of the suit by the Circuit Court, the Morgans would recover a judgment against Camp for that amount, and then he would be liable for its payment.

The appellant also insists that when Morgan paid the money in satisfaction of the judgment and costs, the demand created against him was entire and indivisible, and could not be separated, so as to maintain several actions for its recovery. And that when Morgan withdrew those items on the former trial, and took judgment for the remainder of the demand, that judgment became a bar to this action.

The doctrine is well settled, and is uniform in both the courts of Great Britain and of this country, that a plaintiff cannot so divide an entire demand, or cause of action, as to maintain several actions for its recovery. And if he sue and recover a judgment for a part only of such a claim, the remaining portion is barred by that recovery. A judgment of a court is certainly an entirety, and cannot be divided into several causes of action, any more than might a bond or note for the payment of a sum of money at one time. In the case under consideration, Camp recovered a judgment for a sum of money and his costs, which is one of the items in controversy. These costs were, unquestionably, a part of this judgment upon which execution was issued, and they were so collected. The costs were as much a part of the judgment as are the damages in a recovery in debt; and the payment was as entire as the judgment itself. When this demand was before the court for adjudication in the other case, Morgan, to have pursued his right of recovery on this portion of his claim, should have submitted to a non-suit, and having failed to do so, that judgment became a bar to a recovery of these costs in this case ; and the judgment of the Circuit Court must be reversed and the cause remanded.

*Judgment reversed.*