FRANCES M. DOYLE

*v.*

GEORGE WILKINSON.

*Filed at Ottawa May 12, 1887.*

1. APPEAL—*from order of Appellate Court—on motion to re-tax costs.* No appeal lies from the judgment of the Appellate Court in overruling a motion to re-tax the costs in a cause decided in that court.

2. ACTION—*to recover costs.* A party entitled to costs, either as an officer or party to a suit, may maintain an action of assumpsit or debt for the amount legally due him. The action is upon an implied contract.

APPEAL from the Appellate Court for the Second District;—on motion in that court to quash fee-bill and re-tax costs.

Messrs. Doyle, Morris & Pierson, for the appellant.

Mr. E. F. Bull, for the appellee.

Mr. Justice Mulkey delivered the opinion of the Court:

This is an appeal by Frances M. Doyle, from an order of the Appellate Court for the Second District, overruling a motion by her to re-tax the costs in a certain cause lately pending in said court, on the appeal of George Wilkinson. The latter having been successful in his appeal, there was a judgment against the appellee, (appellant here,) for costs, which were taxed by the clerk, in the usual manner, at $72.30, for which amount he issued fee-bills and executions, and directed the same to the sheriff of Iroquois county, for collection. Mrs. Doyle, feeling herself aggrieved at the manner in which the costs had been taxed, replevied the fee-bills, and the matter having been thus brought before the Appellate Court, that tribunal, after due consideration, overruled, as already seen, the motion to re-tax, and thus sustained the clerk's taxation of the costs.

Pending the appeal in this court, appellee entered a motion to dismiss the appeal, on the ground that this court had no jurisdiction to hear it, as the amount in controversy was less than $1000. From the limited consideration the court was then able to give to the matter, owing to the great amount of conference work before it, pending the call of the docket, it was thought, and so ruled, that the motion ought not to be allowed. But upon more mature reflection and consideration of the question, we are satisfied that the appeal does not lie. No principle is better settled than that it is the duty of every court, from the highest to the lowest, when it discovers it has assumed jurisdiction in a cause where none is given by law, to dismiss the suit, and this without regard to how far it has progressed, or the steps which may have been taken in it.

The legal costs taxed by the clerk were a simple money demand. Part of it was due the clerk, and the balance to Wilkinson, the successful party in the appeal. Either might have maintained debt or assumpsit for the amount legally due him. The action, in such case, is upon an implied contract; therefore it is, within the meaning of the Appellate Court act, an action *ex contractu.* The parties, however, were not bound to bring such an action. The law authorized the clerk to tax the costs, and issue a fee-bill and execution therefor, which was done. But he had no right to tax anything but legal costs. Whether they were so or not, the appellant had the right to have the question determined in the manner she did. Her action was simply to suspend the proceeding instituted by the parties entitled, for the collection of the costs in question. By the appellant's motion to re-tax, she submitted to the court, for determination, the validity of each item of costs in the fee-bills. By denying the motion, the court, in legal effect, decided that the full amount of $72.30 was due from appellant, as charged in the fee-bills, which was nothing more nor less than passing upon a purely money demand arising *ex contractu,* and from which no appeal therefore lies. It is true that the order is not, in form, a money judgment or decree, but the effect is precisely the same, as it removed all impediments to the collection of the amount in controversy. The substance and effect of the order are to be looked to, rather than its form. The process by which the Appellate Court reached its conclusion upon the motion, was, necessarily, to take up, one by one, the disputed items in the fee-bills, and determine whether the appellant owed the amounts as therein charged. In doing this, the court, just as in any other case between debtor and creditor, was bound to apply the law to the facts before it. Having reached the conclusion, as it necessarily must, that appellant owed the total amount claimed in the fee-bills, instead of entering up a judgment for that amount, as would have been the proper practice in

an ordinary suit for costs, it accomplished the same result by entering an order,—the only one it was authorized to enter,—overruling the motion to re-tax the costs, the legal effect of which, as we have already seen, was to simply fix, in dollars and cents, the amount of appellant's liability upon the fee-bills.

The appeal will be dismissed.

*Appeal dismissed.*