## Fulton County v. W. H. Boyer, Administrator, etc.

1. FEE BILL—*when, may be issued for recovery of costs.* A fee bill to recover costs incurred by a plaintiff and not paid by him may be issued at any time within seven years after the rendition of judgment or accruing of the right to issue the same.

Fulton County v. Boyer.

2. STATUTE OF LIMITATIONS—*when, bars action by county for recovery of court costs.* An action of assumpsit instituted by a county for the recovery of court costs must be brought within five years after the cause of action accrues.

Action of assumpsit. Appeal from the Circuit Court of Fulton County; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

W. A. BABCOCK and P. T. O'HERN, for appellant.

W. S. JEWELL, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This proceeding originated in the County Court of Fulton county, in the filing by J. C. Stevens, clerk of the Circuit Court of said county, for the use of said county, of a claim of $27.10 against the estate of L. L. Wakefield, for clerk's and sheriff's fees earned and taxed as plaintiff's costs and remaining unpaid, in suits in that court in which Wakefield as plaintiff had recovered judgment against various parties for the several amounts found due him, together with costs of suit. Subsequently by amendment, Fulton county was made claimant and the amount of the claim was increased to $282.30. On the hearing in that court the claim was allowed to the amount of $72.60 and on claimant's appeal to the Circuit Court, where the cause was heard by the court, a jury being waived, it was awarded $13.80. It now prosecutes its appeal to this court.

It was stipulated that during the time the fees accrued for which the claim was filed, the sheriffs and the clerks of the Circuit Court of said county had received their salaries in full from the earnings of their respective offices, and that all the suits in which said fees were taxed as costs had been finally determined by judgments in favor of L. L. Wakefield.

The principal point of contention, and the only one we can properly consider upon the record, is, whether the proceeding is an action upon a judgment barred by the Statute of Limitations in twenty years, or in assumpsit or debt

upon an implied contract, barred by such statute in five years.

Counsel for appellant insists that costs taxed by the clerk on the fee book, to each party litigant, are, by virtue of the statute, (Hurd's Stat. 1903, par. 5, sec. 16, p. 431,) judgments in favor of the officers of the court against such party, plaintiff or defendant. The portion of the paragraph to which our attention is directed as sustaining such views, reads as follows: "It shall not be necessary to insert the costs in the judgment or decree; but whenever a suit is determined and final judgment entered, the costs of each party litigant shall be made up and entered in such fee book, which shall be considered a part of the record and judgment, subject, however, at all times to be corrected by the court; and the prevailing party shall be considered as having recovered judgment for the amount of costs so taxed in his favor, and the same shall be included in the execution issued upon such judgment or decree, and a bill thereof accompanying such execution." A judgment is a judicial sentence or decision and not a creature of legislative enactment. The paragraph quoted does not, however, assume to declare costs taxed by the clerk, a judgment against the prevailing party. The court in its judgment awards costs against the losing party, and the section of the statute quoted merely provides that the costs in the proceeding, as entered by the clerk in the fee book, shall be a part of the record, and of the judgment so awarded by the court.

The proof in this case shows that the costs sought to be recovered accrued on behalf of Wakefield as plaintiff, in suits in which he recovered judgments for the amount of his demands together with costs, and that no judgments for costs were awarded against him.

The parties to a suit, in contemplation of law, pay their own costs, as they are incurred in the progress of the cause, and neither has any claim on the other for costs made by himself, until the court awards their payment by a judgment of recovery in the proceeding in which they are

The People v. Helt.

made. If the party making costs does not pay them when made, he is liable for their payment on a fee bill issued against him for their collection. Camp v. Morgan, 21 Ill. 255.

In Doyle v. Wilkinson, 120 Ill. 430, it was held that the legal costs taxed by the clerk were a simple money demand, to recover which, debt or assumpsit might be maintained, as upon an implied contract, or a fee bill might issue.

A fee bill to recover such costs may be issued at any time within seven years after rendition of judgment, or accruing of the right to issue same, but when costs are sought to be recovered by action upon an implied contract, as in this case, section 15 of the Limitation Act applies, and the right of recovery is barred after five years.

The trial court properly refused to hold as law the proposition submitted by appellant, that the costs taxed by the clerk against a party, are judgments against such party, upon which an action of debt may be brought within twenty years after the date of such judgment.

The judgment is affirmed.

*Affirmed.*