### C. A. Ambrosius et al., Appellants, v. Tony O'Farrell et al., Appellees.

COSTS—*when action for recovery of, does not lie.* Costs of defending an action cannot be recovered against the plaintiff where the plaintiff after reversal of judgment obtained by him suffers a discontinuance, unless the defendant obtains a judgment in his favor for the costs incurred.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

GUY KNEEDLER and B. H. CANBY, for appellants.

LANE & COOPER, for appellees.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellants' declaration averred that at the January term, 1903, of the Madison Circuit Court there was pending an action wherein appellee O'Farrell was plaintiff and appellants were defendants, and appellee in compliance with a rule of court made a bond for costs whereby appellee and his co-appellees entered themselves as security for all costs which might accrue in said cause; that afterwards such proceedings were had in such cause that appellee recovered a judgment against appellants for the sum of $1,500 and costs of suit, from which judgment appellants prosecuted an appeal to this court where the said judgment was reversed and the cause directed to be remanded to the said Circuit Court; that no transcript of the final order of this court reversing and remanding the cause was filed in said Circuit Court within two years from the time said judgment was so reversed and remanded whereby said cause was abandoned and a discontinuance suffered by appellee and that no further action could be had or taken in said cause.

It was further averred that the lawful costs incurred by appellants in the defense of said suit and properly taxed against them by the clerk of the Circuit Court amounted to the sum of $375.30 which appellants were liable to and did pay whereby an action had accrued to them to demand of appellee, and his sureties, the said sum according to the tenor and effect of said bond which though often requested they had not paid, etc. A copy of the bond which was in statutory form was filed with the declaration.

Appellees interposed a demurrer to the declaration which was sustained and appellants electing to stand by the declaration, the court entered a judgment against appellants in bar of the action and for costs from which judgment this appeal was prosecuted. The errors assigned present for review the sufficiency of the declaration.

By the averments of the declaration, there never was a judgment against appellees for the costs of the suit, nor is it averred appellees ever received any portion of the costs paid by appellants. We are unable to see how under the averments of the declaration there could be a recovery. It is the theory of the law that the parties to a suit pay their own costs as the suit progresses. "Neither has any claim on the other for costs made by himself until the court awards their payment by a judgment of recovery in the proceeding in which they are made. If the party making costs does not pay them when made he is liable for their payment on a fee bill issued against him for their collection." Camp v. Morgan, 21 Ill. 255.

When a defendant incurs costs in defending a suit and the evidence does not show that he ever recovered a judgment against the plaintiff for such costs, they are not chargeable to the plaintiff. *Ibid.* To the same effect is Fulton Co. v. Boyer, 116 Ill. App. 388.

"The right to costs does not become vested until final judgment has been pronounced nor do they until then become a debt against the party on whom they are imposed." Ency. P. & P., Vol. 5, p. 121.

It is claimed that appellees in failing to reinstate their suit after it was reversed and remanded suffered a discontinuance and that this should not militate against appellants to recover in this action. Section 8 of the Cost Act does provide that if the plaintiff suffer a discontinuance, the defendant shall have judgment to recover his costs against the plaintiff, but in this case there has been no judgment for costs upon the discontinuance. Where no judgment is rendered against either party but the proceedings are discontinued each party pays his own costs.

The case of Doyle v. Wilkinson, 120 Ill. 430, cited by counsel, was a motion to retax costs and it was there held that the legal costs taxed by the clerk was a simple money demand and that the person to whom

it was due, either the officer or the successful party in the appeal, might maintain debt or *assumpsit* for the amount legally due him, or the clerk might issue a fee bill and execution. In that case there was a judgment for the costs and the opinion does not conflict with the rule laid down in Camp v. Morgan, *supra.*

We think the declaration showed no liability upon the bond and the judgment upon the demurrer was correct and is affirmed.

*Affirmed.*