(No. 13245.—Judgment affirmed.)

THE GERMAN-AMERICAN SAVINGS, LOAN AND BUILDING ASSOCIATION *et al.* Plaintiffs in Error, *vs.* JOHN C. TRAINOR *et al.*—(HARRIET H. LEAMING, Exrx. Defendant in Error.)

*Opinion filed June 16, 1920.*

1. Costs—*when clerk must tax master's fees as costs.* Where a decree dismissing a bill for foreclosure orders the complainants to pay the costs of the proceeding, it is the duty of the clerk, when proper application is made, to tax the master's fees as costs against the complainants.

2. SAME—*circuit court cannot enter order affecting costs while appeal is pending in Appellate Court.* While an appeal is pending in the Appellate Court the circuit court is without authority to make any order affecting the interests of any of the parties or in any way affecting the costs, although satisfaction papers are filed in the circuit court before the filing of the mandate of the Appellate Court.

3. MASTERS IN CHANCERY—*parties cannot defeat master's fees by filing satisfaction papers.* Where the master's fees have been allowed in a foreclosure suit and the costs ordered taxed against the complainants the parties cannot defeat the master's fees by agreeing to a settlement and filing satisfaction papers in the circuit court pending an appeal to the Appellate Court, where no one representing the master or his personal representative had anything to do with the filing of said papers or in any way consented thereto.

4. SAME—*when personal representative entitled to fee bill for collection of master's fees.* Where a final decree dismissing a bill for foreclosure provides that the complainants shall pay the costs and the master's fees have been fixed by order of the court, the personal representative of the master is entitled to a fee bill and to an execution against the complainants for the collection of the master's fees, which remain unpaid after his death.

5. SAME—*master's fees may be collected by fee bill within seven years after judgment although recoverable in separate suit.* Master's fees which have been taxed as costs may be collected by fee bill any time within seven years after rendition of final judgment, although they may also be recovered by separate proceeding in assumpsit.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

SABATH, STAFFORD & SABATH, (CHARLES B. STAFFORD, and THOMAS M. ZASADIL, JR., of counsel,) for plaintiffs in error.

ABNER SMITH, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

In 1912 a bill filed in the circuit court of Cook county to foreclose certain trust deeds was dismissed for want of equity. From that decree an appeal was prayed to the Appellate Court. On that appeal Henry C. Bartling, as liquidator, and Alexander Klappenbach and C. M. Staiger, (who has since deceased,) entered themselves as security for the costs. Pending the decision of the cause in the Appellate

Court the parties to the litigation reached a settlement and filed satisfaction pieces in the trial court and apparently also in the Appellate Court. Thereafter there was a dispute as to whether certain fees of the master on the original hearing had been paid, and over objection of plaintiffs in error the trial court fixed the fees of the master and ordered a fee bill to issue therefor. From this last finding of the trial judge the cause was appealed to the Appellate Court for the First District with reference to this order as to the payment of master's fees, and the decree and order of the trial court in that regard were affirmed in the Appellate Court. From this last judgment and order of the Appellate Court the proceeding as to the fees has been brought to this court by petition for *certiorari.*

The original decree dismissing the foreclosure bill for want of equity provided that "the complainants shall pay the costs of this proceeding and that execution issue therefor." During the progress of the original foreclosure suit the cause was referred to Jeremiah Leaming, master in chancery, and he performed certain services as such master. In May, 1907, the cause came up before Judge Honore, of the circuit court of Cook county, upon motion of the defendant for rule on complainant to file the master's report, and the court entered an order reciting that it appearing that prior to the expiration of the term of office of Jeremiah Leaming as master in chancery he had performed services as such in said cause, for which a reasonable compensation was the sum of $1018, and that said charge had not been paid, it was therefore ordered that the suit be dismissed unless said charge was paid within fifteen days, and further provided that complainant and defendant were each to deposit one-half of said sum of $1018 with the clerk of the court and the latter was to then turn the same over to the master. The plaintiffs in error did not comply with said order, although no objection was made by either party to the entering of the same. Nothing further seems to have

been done about the payment of master Leaming's fees prior
to the entering of the final decree in the case. After the
expiration of Leaming's term of office the cause was re-
ferred to John W. Ellis, master in chancery, and in due
course his fees as master were taxed as costs. There was
an appeal to the Appellate Court as to the allowance of mas-
ter Ellis' fees, and that order was affirmed. The appeal to·
the Appellate Court as to the final decree was affirmed on
March 10, 1914. In the meantime Leaming died, and his
widow and sole beneficiary, the defendant in error herein,
duly qualified as executrix of his estate. Satisfaction pieces
were filed with the clerk of the circuit court in April, 1914,
but neither the mandate nor the certified copy thereof af-
firming the original decree in the Appellate Court as to said
original decree of foreclosure was filed in the circuit court
until after said satisfaction pieces were filed therein. After
said satisfaction pieces were filed, it appears that on the
margin of the decree in the circuit court the clerk of that
court entered the following order: "This judgment· satis-
fied in full of record as per satisfaction piece filed this
10th day of April, 1914."

Nothing more seems to have been done concerning the
payment of the fees of master Leaming until December 20,
1917, when counsel for defendant in error, without notice,
requested the clerk of the circuit court to tax the sum of
$1018 as costs in said foreclosure suit in favor of master
Leaming, and the clerk thereupon did so, and on the same
day issued a writ addressed to the sheriff of Cook county,
directing him, in case said sum was not paid within thirty
days after demand, to levy the same on the property of the
plaintiffs in error. This writ was served on Bartling, as
liquidator, on December 31, 1917; and on Klappenbach on
February 26, 1918. In May, 1918, the certified copies of
the orders of this court in the matters of the affirmance
by this court of the order allowing the fees of master El-
·lis and·also of the foreclosure decree were filed in the cir-

cuit court. Thereafter, on June 26, 1918, on motion of plaintiffs in error the writ which had been issued to the sheriff by the clerk was quashed by the trial court. On the same day, on motion of the solicitor for defendant in error, and over objection of plaintiffs in error, the court entered an order finding that master Leaming's fees, amounting to $1018, had been ordered paid "and taxed as costs" but had never been paid, and directing the clerk of the circuit court to amend his records, in so far as they showed a satisfaction of the decree, by adding to the satisfaction piece the following: "This certificate is not intended to include or satisfy master Jeremiah Leaming's fees for $1018, which have been allowed by the court and are still unpaid." Counsel for plaintiffs in error excepted to the entering of this order. On the same day, on motion of counsel for defendant in error, and over objection of plaintiffs in error, the court entered another order, reciting that it appearing that Jeremiah Leaming, as master in chancery, rendered services herein, which were fixed and allowed by the court at the sum of $1018; and it appearing that such sum has never been paid, and that Leaming died on January 30, 1908, and that his widow is his sole beneficiary and the duly qualified executrix of his estate; and it appearing that the decree entered July 27, 1912, was affirmed on appeal and that the order allowing the fees of master Ellis was affirmed on appeal, and that certified copies of the orders of the Appellate Court affirming said decree and said order "are now, and more than ten days last past have been," on file with the clerk of the circuit court, "as required by statute;" and it appearing that master Leaming's fees have never been paid and that defendant in error is entitled to receive said amount of said master's fees and is entitled to have issued by the clerk a fee bill and execution for the collection thereof by the sheriff; and it appearing that Klappenbach and Staiger, as sureties, executed and entered themselves as security for costs in said suit "for the protection of the officers

of this court and all costs of suit, * * * and the liability of said persons as security for costs has become fixed by the orders and decrees entered in this case;" and it appearing that by reason thereof "said Klappenbach and Staiger became obligated to pay any and all costs, including master Leaming's fees, and by reason of the statute it became the duty of the clerk to tax the costs of said suit," and that Staiger has since died; and it appearing that said costs were properly taxed by the clerk, including the fees of master Leaming, "the taxing of which by the clerk is hereby approved;" and it appearing that the statute of Illinois makes it the duty of the clerk to issue an execution against the complainant and both of the persons entering themselves as security for costs, or either of them; and it appearing that under the statute the liability for master Leaming's fees have become fixed; "it is ordered that the clerk of this court do issue forthwith a fee bill and execution in accordance with the statute of Illinois, directing the sheriff to collect as costs from [complainants] the master's fees due Jeremiah Leaming" as fixed by the order of May 20, 1907, at $1018. Plaintiffs in error from this order appealed to the Appellate Court for the First District, where that order was affirmed, and on petition for *certiorari* this writ of error was sued out.

The order of the circuit court of May 20, 1907, fixed master Leaming's fees for his services at $1018. These fees were subject "to be taxed as other costs." (Hurd's Stat. 1917, sec. 9, p. 1913.) Even though it be conceded, as argued by counsel for plaintiffs in error, that this order provided that plaintiffs in error should only pay half of these costs and that provision could not be changed without a further order of court, there was such an order by the court when the bill was dismissed, "that the complainants shall pay the costs of this proceeding." It then became the duty of the clerk of the circuit court, when proper application was made, to tax master Leaming's fees as costs against

the complainants. (Hurd's Stat. 1917, sec. 25, p. 783.) It is further provided in the same chapter, in section 26, that "if any person shall feel himself aggrieved by the taxation of any bill of costs by the clerk" he may apply to the court for an order to re-tax the same. The statute also provides that upon a proper *præcipe* filed in the office of the clerk of the court he may issue a fee bill for costs any time within seven years after the rendition of the judgment or accruing of the right to issue the same. (Hurd's Stat. 1917, par. 28, p. 643.)

The trial court had originally exercised its discretion as to the allowance of the master's fees. Ordinarily the payment of costs is not enforced until final judgment is rendered and the costs have been taxed and inserted therein. (5 Ency. of Pl. & Pr. 254; 15 Corpus Juris, 182.) In this State it has been held a fee bill could be entered against one of the parties without regard to the result of the suit. (*Eads* v. *Couse,* 35 Ill. 534.) There were no objections made to the allowance of the fees to the master at the time the order was originally entered, neither was any made as to Leaming's fees at the time the final decree was entered taxing the costs of the case to plaintiffs in error. The original decree of the trial court being appealed to the Appellate Court, under the authorities the costs could not be re-taxed pending the appeal. (15 Corpus Juris, 188.) Pending the appeal the circuit court was without authority to make any order affecting the interests of any of the parties or in any way affecting the costs. (*Merrifield* v. *Cottage Piano Co.* 238 Ill. 526, and cases cited.) The satisfaction papers were filed in the circuit court pending the appeal to the Appellate Court, but no one representing master Leaming appears to have had anything to do with the filing of these papers or to have consented in any way thereto, and we do not think the parties could defeat his fees already allowed without his consent or that of his duly authorized representative.

The master's fees having been fixed by order of court and the final decree dismissing the bill providing that plaintiffs in error should pay the costs, when these fees were not paid plaintiffs in error were liable for their payment on the fee bill issued against them for their collection. (*Camp* v. *Morgan*, 21 Ill. 255.) These fees, under the cases already cited, could be collected by fee bill any time within seven years after the rendition of the final judgment; and this would be the proper method even though, under the statute, they might be recovered by separate proceedings in assumpsit. (*Doyle* v. *Wilkinson*, 120 Ill. 430.) We think the reasoning in this last decision fully answers the argument of counsel for the plaintiffs in error that these fees, conceded to be meritorious, could only be collected by a separate proceeding.

The satisfaction pieces, upon which the clerk entered the order satisfying the original judgment while the cause was pending in the Appellate Court, being entered without authority pending the appeal, renders it unnecessary to consider or decide the question whether the trial court was without authority to enter the order amending the record as to said satisfaction of judgment by providing, as hereinbefore stated, that such satisfaction entry should not apply to the fees of master in chancery Leaming.

Under the provisions of the statute, fairly construed, and the decisions of this court heretofore referred to, the conclusion, in our judgment, follows that the trial and Appellate Courts rightly held plaintiffs in error liable for the costs in question.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*