Leonie Van Tieghem et al. (Peoples Savings Bank and Trust Company), Appellant, v. John Sushenka et al. (Alfanas Orloff), Appellee.

Gen. No. 8,058.

Opinion filed September 24, 1929.

J. J. NEIGER, for appellant.

CHALMERS K. SEYMOUR, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This is an appeal prosecuted by Peoples Savings Bank and Trust Company, a corporation, appellant, from an order of the circuit court of Rock Island county, in the case of Leonie Van Tieghem et al. v. John Sushenka et al., requiring complainants to pay to James F. Murphy, master in chancery of Rock Island county, his costs and charges accrued in said above entitled cause to the amount of $580.60, within 20 days from the date on which the order was entered, and on failure so to do that the bill of complainants be dismissed.

The record discloses that prior to the time of the entering of the order directing the complainants to pay to the master in chancery his costs and charges, Alfanas Orloff, appellee, filed a motion in said cause, setting forth the different proceedings that had been had therein, and that the master in chancery had taken the evidence, and the testimony taken by the complainants amounted to the sum of $344.80, and the testimony taken by appellee amounted to $235.80, making a total of $580.60; that the master in chancery had made a finding in favor of appellee on December 17, 1928; that objections to said report had been filed and overruled on December 29, 1928, and that said master was withholding his report until his fees and charges should be paid; that said case was pending and in which the motion was entered, was "in the nature of a creditor's bill and is a lien on the property of appellee which prevents its sale or transfer to his prejudice and final loss, and that a speedy hearing should be granted" to appellee as a matter of right; praying that upon due notice to complainants, an order might be entered requiring them to procure the filing of the report of the master in said court, and to proceed with the trial of

said cause within a reasonable time to be fixed by the court, "and that upon failure to comply therewith, the suit be dismissed for want of prosecution."

To said motion, complainants filed an answer, setting up among other things that: "It is not their duty, under the law, to advance or prepay the fees of the said master before the filing of the report herein; that it is not in their power to file the report, because the said master is withholding the same until his fees are paid; that a just and equitable disposition of the question of costs would be that each party pay his own costs respectively incurred before the master in the hearing, and taking of the testimony before such master."

A hearing was had on said motion. On the hearing of the motion the only evidence heard by the court was with reference to the amount of the master's fees, and bearing upon the amount of the work in connection with the taking of the testimony. The master testified that he had his report ready to file but was withholding it until his fees and charges had been paid. Alfanas Orloff, appellee, testified in his own behalf that he did not own any real estate, except the two pieces of property involved in said cause; that he had no money in the bank; that his household property is worth about $75; that he had no other property, and was sick all winter and had been unable to work.

The record shows the evidence on the part of appellee was heard subject to objection. Complainants entered a motion for an order requiring the master to file his report. Said motion was overruled, thereupon counsel for complainants stated: "I would like, on behalf of the complainants, to move that the master file his report in this court, each party paying the costs incurred by each of them respectively before the master." Counsel further stated: "That complainants are prepared, ready and willing to pay their part of the costs, or give a bond for security for the payment of all costs

that may be eventually charged against them." This motion was overruled.

The question for our determination is, as to whether or not the court had jurisdiction to enter the order appealed from herein, and, if it did, then as to whether or not in so entering the order in this particular case, he abused that power of discretion.

The motion involves the construction of section 20, ¶ 38, ch. 53, Smith-Hurd St., Cahill's St. ch. 53, ¶ 34. It reads as follows: "Upon reference of any matter to the master in chancery the court may, in its discretion, at the time of such reference or any subsequent time, order any party seeking to offer evidence before the master to deposit with the clerk of the court such sum or sums as may be fixed by the court to secure the payment of any part or all of the costs of such reference; and the court may, in its discretion, before the master shall be required to make a report in any cause, order the payment of all costs incurred before the master, the same to be taxed equitably in such manner as directed by the court."

The position of the appellant is that, in view of the state of the record, the entering of the order by the chancellor was an abuse of his discretion, if it was a discretionary matter at all. Appellant takes the further position, that the order of the chancellor requiring it to pay the master's costs at an intermediate stage of the proceeding is a final and irrevocable order.

In chancery cases the question of costs rests very largely in the discretion of the chancellor, and the courts will interfere only in case of abuse in the exercise of such discretion. *Merle v. Beifeld,* 275 Ill. 594–628.

In chancery cases the taxing of costs is ordinarily in the discretion of the court and if no abuse of discretion is shown the action of the court will stand on appeal. *Carroll v. Tomlinson,* 192 Ill. 398.

Courts of equity have a large discretion in the matter of costs and frequently give costs in intermediate stages of the case without waiting for a final decree. *Colehour v. Bass,* 143 Ill. App. 530–538; 11 Cyc. 98; *Avery v. Wilson,* 20 Fed. 856.

Ordinarily the payment of costs is not enforced until final judgment is rendered and the costs had been taxed and inserted therein. In this State, it has been held, a fee bill could be entered against one of the parties without regard to the result of the suit. *German American Sav., Loan & Bldg. Ass'n v. Trainor,* 293 Ill. 483–489.

The statute provides that upon the complainant dismissing his bill in equity or the defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant full costs; and in all other cases in chancery, not otherwise directed by law, it shall be in the discretion of the court to award costs or not; and the payment of costs, when awarded, may be compelled by execution. Cahill's St. ch. 33, ¶ 18; section 18, ch. 33, Smith-Hurd Rev. St.

It is further provided by the Costs Act (Cahill's St. ch. 33, ¶ 18) that on the dismissal of a bill, the defendant shall recover costs, but in all other cases in chancery, not otherwise directed by law, it shall be in the discretion of the court to award costs or not, and that discretion will not be reviewed, except for abuse. *Jentink v. County of Lake,* 244 Ill. App. 370–378.

An order of the court fixing the master's fees and providing that the complainant should only pay one-half of the said costs is subject to and changed by the further order of the court, dismissing the bill at the complainant's costs. *German American Sav., Loan & Bldg. Ass'n v. Trainor,* 293 Ill. 483–488.

In a suit in equity the court may, on motion and notice to the complainant for cause shown, make an order according to the state of the suit to speed the

cause within a reasonable time, to be fixed in such order, and, on failure to comply therewith, may dismiss the suit for want of prosecution. Cahill's St. ch. 110, ¶ 21; section 21, ch. 110, Smith-Hurd Rev. St.

The court may dismiss a cause for noncompliance with a rule entered against a plaintiff to file a pleading or take some other step in the cause, where no sufficient excuse is given. *McClay v. Williamson,* 247 Ill. App. 141–147.

The trial court may dismiss a suit for failure of complainant to prosecute with due diligence, where no sufficient cause is presented, and this power exists independently of any statute. *Epley v. Epley,* 328 Ill. 582–585.

It will be observed that the appellant takes the position that the order of the trial court, requiring it to pay the master's costs at an intermediate stage of the proceedings, is a final and irrevocable order. By inspection of the order it will be found that the court did not tax the costs against appellant but only required the payment of said costs by the appellant within 20 days. This order is subject to the final order of the court taxing costs. *German-American Sav., Loan & Bldg. Ass'n v. Trainor, supra.*

The propriety of the trial court in entering an order *sua sponte* requiring the master to report his charges and costs is questioned by the appellant. Such power is vested in the trial court. *Metropolitan Trust & Sav. Bank v. Perry,* 194 Ill. App. 277–287; *Kellner v. Schmidt,* 237 Ill. App. 428–440.

In view of the state of the record and of section 20, ¶ 38, ch. 53, Smith-Hurd Rev. St., Cahill's St. ch. 53, ¶ 34, we are of the opinion that the court had jurisdiction to enter the character of order as was entered herein; that the court was authorized by reason of said statute to make the order directing the appellant to pay the costs, and that the court in making such order,

the same was subject to the final order of the court in taxing costs.

There is nothing in the record to show an abuse of the power conferred upon the court nor of the discretion lodged in the court, and, in the absence thereof, it will be presumed that the court was warranted in entering the order of which appellant complains.

We are therefore of the opinion that the order of the circuit court of Rock Island county should be affirmed, which is accordingly done.

*Affirmed.*