WILLIAM LEONARD *et al.* Plaintiffs in Error, *vs.* JOSEPH GARLAND *et al.* Defendants in Error.

*Opinion filed December 21, 1911.*

1. INJUNCTION—*when question whether court erred in denying a motion for temporary injunction is not involved.* The question whether the court erred in denying a motion for a temporary injunction is not involved on appeal from an order dismissing the bill at a subsequent term, where there is no certificate of evidence in the record showing what facts were before the court on the hearing of the motion.

2. SAME—*when denial of motion for temporary injunction may be treated as a final disposition of case.* The denial of a motion for a temporary injunction on a bill filed only for injunctional relief may be treated as a final disposition of the case, where there is no equity in the bill and it is apparent that it cannot be made good by amendment.

3. SAME—*when a bill states a good cause for equitable relief.* A bill showing, by proper averments, that drainage commissioners have fraudulently conspired with a contractor to pay such contractor a large amount from public funds for worthless tile work the contractor is putting in, in violation of the contract for such work, states a good cause for equitable relief, and a court of equity may, by injunction, prevent such illegal use of the public funds.

4. SAME—*when dismissal of bill cannot be sustained as having been for want of equity.* The mere fact that a motion for a temporary injunction was denied does not warrant the assumption that the dismissal of the bill at a subsequent term, on motion of the defendant, was for reasons disclosed on the hearing of the motion for a temporary injunction, where the facts shown on such hearing are not preserved for review, and the bill, on its face, states a good cause for equitable relief.

5. PRACTICE—*when bill should not be dismissed on motion of defendant.* Where a bill states a good cause for equitable relief it is error to dismiss the bill on mere motion of the defendant unless the complainant has been guilty of inexcusable delay in prosecuting the suit.

6. SAME—*power to dismiss suit for want of prosecution should be exercised reasonably.* The power of the court to dismiss a suit in chancery for want of prosecution must be exercised reasonably and with due regard to the rights of litigants, and it is error to dismiss a bill, on motion of the defendant and over the objection

of the complainant, before the case is reached for trial, where the bill states a good cause for equitable relief and no rule has been entered requiring the complainant to take any steps toward the final disposition of the case.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. RICHARD M. SKINNER, Judge, presiding.

BUTTERS & ARMSTRONG, for plaintiffs in error.

JOHN GARLAND, D. L. DUNAVAN, and CHARLES S. CULLEN, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiffs in error, who are owners of land in Drainage District No. 1 of the towns of Freedom and Ophir, in LaSalle county, filed their bill in the circuit court of that county October 29, 1908, against the drainage commissioners and the Northwestern Clay Manufacturing Company, for an injunction to restrain them from proceeding with the construction of a tile drain contrary to the specifications for the work. On November 5, 1908, plaintiffs in error moved for a temporary injunction and the hearing was set for November 14. On that date the commissioners of the district and the manufacturing company filed their several answers. Affidavits appear to have been filed by the parties, and upon hearing the motion for a temporary injunction was denied. No further action was taken at that time and nothing further was done at the succeeding January and March terms of court. On July 7, 1909, at the June term, defendants in error entered a motion to dismiss the bill, which was allowed and the bill dismissed. From the order dismissing the bill plaintiffs in error appealed to the Appellate Court for the Second District, where the de-

cree of the circuit court was affirmed. The record has been brought here for review by writ of *certiorari.*

The bill was for injunction, only. Plaintiffs in error contend the motion to dismiss should be treated as a general demurrer to the bill and be denied unless the bill shows a want of equity upon its face. Whether the court erred in refusing the preliminary injunction is not involved at this time. There is no certificate of evidence in the record showing what facts were before the court on the hearing of the preliminary motion. Reasons may have existed which would justify the court in refusing the temporary injunction other than a failure of the bill to show a case for equitable relief. A motion to dissolve a temporary injunction for want of equity in the bill, under the rule established in this State, operates as a demurrer to the bill and is considered as an admission of the material allegations thereof. The decree dissolving such injunction is, in effect, a denial of the relief sought, and the bill may be at once dismissed and the action of the court reviewed on error, or appeal. (*Titus* v. *Mabee,* 25 Ill. 232; *Shaw* v. *Hill,* 67 id. 455; *Smith* v. *Kochersperger,* 173 id. 201; *Weaver* v. *Poyer,* 70 id. 567; *Heinroth* v. *Kochersperger,* 173 id. 205.) The same rule applies when the injunction is the only relief sought and the motion to dissolve is heard upon bill, answer and affidavits. In such case the dissolution of the injunction may be treated as a final disposition of the cause, from which an appeal will lie. (High on Injunctions, sec. 1706; *Prout* v. *Lomer,* 79 Ill. 331; *American Live Stock Commission Co.* v. *Chicago Live Stock Exchange,* 143 id. 210.) The practice is similar and is followed with like results where a court denies a motion for a preliminary injunction on a bill filed only for injunctional relief, where there is no equity in the bill and it is apparent that it cannot be made good by amendments. (*Thomas* v. *Adams,* 30 Ill. 37; *Vieley* v. *Thompson,* 44 id. 9; *Hummert* v. *Schwab,* 54 id. 142; *Brockway* v. *Rowley,* 66 id.

99; *Grimes* v. *Grimes,* 143 id. 550; *Canal Comrs.* v. *Village of East Peoria,* 179 id. 214; *Leonard* v. *Arnold,* 244 id. 429.) It is error to dismiss a bill which states a good cause for equitable relief, on the mere motion of the opposite party, unless the complainant has been guilty of inexcusable delay in prosecuting the suit. The power of a court to dismiss a suit for failure to prosecute it with due diligence, where no sufficient cause is presented, exists independently of statute. (14 Cyc. 444; *Sanitary District of Chicago* v. *Chapin,* 226 Ill. 499.) The bill in this case states a good cause of action. It shows by proper averments that the drainage commissioners had fraudulently conspired with the Northwestern Clay Manufacturing Company to pay said company more than $4000 of public funds for worthless tile work that said company was installing in a drainage ditch, in violation of the contract under which the work was being done. A court of equity has jurisdiction to prevent, by injunction, such improper and illegal use of public funds. (*Heinroth* v. *Kochersperger, supra.*) The decree below cannot be sustained on the ground that there was no equity in the bill. While the power to dismiss a cause for want of prosecution, where there has been long and unexplained delay, is conceded, the power should be exercised reasonably and with due regard to the rights of litigants. Where a case is reached for trial regularly on the call and the plaintiff fails to appear and the defendant is present insisting upon a disposition of the cause, the court may properly dismiss the case for want of prosecution. (*Delano* v. *Bennett,* 61 Ill. 83.) The court may also dismiss a cause for non-compliance with the rule entered against the plaintiff to file a pleading or take some other step in the cause, where no sufficient excuse is given. (*White* v. *Hogue,* 18 Ill. 150.) We do not hold that there may not be other reasons than the ones illustrated by the above cases which would authorize a court to dismiss a cause for the want of prosecution. There is nothing in

this record upon which the decree can rest, unless it be held that the delay from October 29, 1908, until the 7th day of July, 1909, is of itself evidence of such unreasonable delay as to warrant the dismissal of the suit for that cause alone. The case had not been reached for trial. Plaintiffs in error were in court and objected to the dismissal of the bill. No rule had been entered against plaintiffs in error requiring them to take any steps looking toward the final disposition of the case. The action of the court below cannot be sustained on the alleged ground of a failure to prosecute the suit with due diligence. The court erred in dismissing this bill.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded.*