**Nick Federenko, Plaintiff-Appellant, v. Builders Plumbing Supplies, Inc., a Corporation, Defendant-Appellee.**

**Gen. Nos. 52,346, 52,792, 53,001. (Consolidated.)**

First District, First Division.

April 6, 1970.

Cooney & Stenn, of Chicago (William J. Harte, of counsel), for appellant.

Berchem, Schwantes & Thuma, of Chicago (James O. Latturner, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff sued for injuries allegedly suffered as a result of defendant's wilful violation of the Structural Work Act of Illinois. Defendant answered the complaint in due course. On January 17, 1967, the action was dismissed for want of prosecution due to the failure of plaintiff or his attorney to attend three pretrial conferences. On February 20, 1967, the trial court denied a motion to vacate the order of dismissal filed within thirty days. Plaintiff appealed from both orders (appeal No. 52,346). Under the provisions of section 24(a) of the Limitations Act, plaintiff refiled his suit within one year, and on October 4, 1967, the trial court dismissed the second action because section 24(a) was not applicable to a dismissal for sanctions and under Supreme Court Rule 273 the dismissal of the first suit operated as an adjudication

on the merits. Plaintiff appealed from this order (appeal No. 52,792). After plaintiff's original cause of action was dismissed, plaintiff filed a petition pursuant to section 72 of the Civil Practice Act to vacate the original dismissal order. The plaintiff appeals from the denial of this petition (appeal No. 53,001).

The separate appeals taken from each of these orders were consolidated here for hearing. For convenience and clarity the appeals are disposed of separately.

## APPEAL NO. 52,346

On July 12, 1963, plaintiff filed his complaint against defendant, alleging that defendant failed in its duty under the Structural Work Act to provide him with a safe place to work. Plaintiff had originally retained the law firm of Viner & Hertzberg (later known as Sussman & Hertzberg) to represent him in the action. Defendant filed its appearance and answer on August 1, 1963, and the case was called for a pretrial conference before Judge James D. Crosson on December 12, 1966, notice being published in the Chicago Daily Law Bulletin. Counsel for defendant appeared at the pretrial conference, but no one appeared for plaintiff and, at the request of defendant's attorney, the pretrial conference was continued until December 27, 1966.

On December 12, 1966, defendant sent a letter to plaintiff's attorneys of record, Viner & Hertzberg, notifying them of a new date and requesting that they be present so that the pretrial in the matter could be held. On December 15, 1966, the law firm of Cooney & Stenn sent a letter to defendant's attorneys, as follows:

> "We are handling this case. Can you get the case back on the trial call for December 27 so we have time to study the file."

Again on December 27, 1966, no one appeared for plaintiff, and defendant's attorney explained to Judge Crosson what had happened. Judge Crosson, noting that the firm of Cooney & Stenn were not attorneys of record and further noting that no one had appeared for plaintiff, indicated to defense counsel that he wanted to dismiss the case. Defendant's counsel told him that someone representing the plaintiff would be present at the next pretrial, January 17, 1967. On January 17, 1967, again no one appeared for plaintiff at the pretrial conference, and the court entered the following order:

> This cause coming on to be heard upon the regular call of cases for pretrial; the Court finds that it has jurisdiction of the parties hereto and the subject matter hereof; the plaintiff having failed to answer said call in person or otherwise appear in accordance with order or rules of pretrial procedure;
>
> IT IS HEREBY ORDERED THAT the above entitled cause be and the same is hereby dismissed for want of prosecution under the provisions of Supreme Court Rule 219 (c).

On that day counsel for defendant sent a letter to Cooney & Stenn and to Viner & Hertzberg, informing them that Judge Crosson had entered an order of dismissal and enclosed a copy.

On February 7, 1967, and within thirty days from the entry of the order of dismissal, Richard Neville, an attorney from the office of Cooney & Stenn, filed a verified "Petition" within thirty days to reinstate the cause and to assign it for a date certain for a further pretrial hearing. The reasons given for the failure to attend the pretrial conferences were stated in the "Petition" as "due to a misunderstanding as to the responsibility between the two law firms with regard to handling the pretrial

discovery of the case." Defense counsel filed a verified answer to the petition, outlining what defense counsel had experienced in the three pretrial hearings and opposed the petition not "because of the inconvenience and cost to them" but because counsel felt the plaintiff's attorneys had shown an "utter disregard for the pretrial procedure as well as the Court itself."

A hearing was had on the petition to reinstate the cause on February 20, 1967, and the court denied the petition. On March 17, 1967, plaintiff filed notice of appeal from this order and the original dismissal order (appeal No. 52,346).

On appeal plaintiff contends that the trial judge abused his discretion in denying plaintiff's motion to vacate within thirty days under § 50(6) of the Civil Practice Act, which provides:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

Plaintiff argues that this section has been utilized with liberality "where it appears justice will be promoted thereby." He notes that the sanction imposed by Judge Crosson seems unreasonably harsh because there was no prejudice to defendant. Plaintiff further states that "Section 50(6) states that the vacation may be made on whatever terms and conditions that shall be reasonable. Plaintiff's attorneys not only suggest but pray for an assessment of whatever costs, attorney fees, etc., the Court may desire to tax."

Plaintiff maintains that there was no "utter disregard for the pretrial procedure" in missing the pretrial calls. He notes the first two pretrial calls were missed due to the "press of litigation" and due to the misunderstanding

133

between the two law firms, while the third pretrial call was missed because of the illness of a secretary.

Defendant argues that the trial court did not abuse its discretion in dismissing the case. Defendant asserts that an abuse of discretion by the trial court will not be presumed by a court of review, and that the burden is on plaintiff to show such abuse, if any. Included among the authorities is Ewert v. Ewert, 41 Ill App2d 161, 190 NE 2d 147 (1963), where the court said (p 166):

> "Section 50(6) of the Civil Practice Act provides that 'the court may in its discretion, . . . on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable. Whether or not a court should vacate and set aside judgments and orders previously made generally rests in the sound discretion of the court, depending on the facts presented.' . . . And it is only where there has been an abuse of discretion that a reviewing court will interfere."

Defendant notes that the only reason given for missing all three pretrials and particularly the one on January 17, 1967, when the case was dismissed, was that the case had recently been transferred from the law firm of Viner & Hertzberg to the firm of Cooney & Stenn, and that "due to a misunderstanding as to the responsibility between the two law firms with regard to handling the pretrial discovery of the case, neither firm appeared at any of the pretrial hearings."

The defendant further argues, "The plaintiff in this case makes the traditional argument that the court should be liberal in vacating a dismissal order, the sanction imposed seems unreasonably harsh and the plaintiff is entitled to his day in court. However, when these arguments are applied to the facts of this case they become

134

merely unsubstantiated and empty slogans. The same arguments have been rejected by the Appellate Courts in many instances when the fact situation favored the appellant far more strongly than it does here."

Defendant finally asserts, "A consideration of the facts shows first, the plaintiff has presented no excuse whatsoever for missing at least the last two pretrial conferences; second, the plaintiff has shown an utter disregard for the pretrial procedure as well as the Court itself; and third, the plaintiff has presented no compelling reason or argument for vacating the dismissal order. Considering the circumstances of this case the trial court was judicious and justified in denying the plaintiff's motion to vacate and was certainly well within the limits of its discretion. We submit that any of these three factors standing alone would warrant an affirmance of the trial court's decision. The combination makes an affirmance clear and unquestionable."

■ At the outset and concerning pretrial conferences, we vigorously agree with defendant that for a pretrial conference to have any benefit, all parties must appear before the court, and "if one party fails to attend the entire purpose of the pretrial is destroyed, and not only are the beneficial aspects of such a conference avoided but it in itself becomes an additional drag upon the administration of justice." In Fennema v. Vander Aa, 93 Ill App2d 162, 236 NE2d 409 (1968), this court said (p 166):

> "A pretrial conference is primarily a procedure to simplify and speed up the trial. It encourages the parties to agree to stipulations of fact and to the admission of documents and generally formulates the issues. The conference frequently leads to a settlement through the aid of the pretrial judge. The conference should not be used for the purpose of

135

summarily dismissing a cause when the plaintiff fails to appear, or, on the other hand, for the purpose of striking the defendant's answer and permitting the plaintiff to prove up his claim when the defendant fails to appear."

■ After considering the various authorities and guidelines which have been laid down in order to prevent undue delays in the disposition of pending cases, and to avoid congestion in the progress of trial calendars, and to eliminate the disregard exhibited by some attorneys for pretrial hearings, we conclude that the guidelines set forth in the following cases should be applied here.

In Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963), it is said (p 615):

"Under all of the circumstances, it is our opinion that the amended petition and its supporting affidavits presented a situation which addressed itself to the equitable powers of the trial court and that, in justice and fairness, defendant should be given an opportunity to appear and defend on the issue of damages."

In McLaughlin v. McLaughlin, 83 Ill App2d 160, 226 NE2d 406 (1967), it is said (p 162):

"Whether such purpose is best accomplished by setting aside the judgment or refusing to set aside the judgment depends on the conduct of the parties, the relative hardship, prejudice or injustice which may result and the alternatives which are available to assure and promote compliance with legal procedure."

In Ryan v. Monson, 47 Ill App2d 220, 197 NE2d 265 (1964), it is said (p 231):

"While we realize the problems besetting a conscientious and industrious trial judge in his desire

to dispose of cases, nevertheless, we feel that had the trial judge vacated the ex parte judgment upon condition that the defendant compensate the plaintiff's attorney for his time and services, and for expenses incident to the attendance of plaintiff's witnesses, the ends of justice would have been more readily achieved."

In Mieszkowski v. Norville, 61 Ill App2d 289, 209 NE2d 358 (1965), it is said (p 297):

"The entry of a default judgment against a party litigant is a harsh and drastic action. Frequently, the default is visited upon the litigant, as a vicarious punishment, for the acts or omissions of his counsel. While we recognize that rules of court must be observed if dockets are to be kept current, yet courts must, in a proper case, yield the procedural exactitudes to the more basic rules of fundamental fairness.

". . . Rights should be determined by default only as a last resort."

■ Although, as asserted by defendant, the instant record indicates that plaintiff's attorneys have shown disregard for pretrial procedure and have hampered the efforts of a conscientious and industrious trial judge, we think the dismissal of plaintiff's action in this case visited a harsh punishment on plaintiff for the acts and omissions of his counsel. In justice and with fundamental fairness, we think plaintiff should be given an opportunity to proceed on the merits of his action, provided the inconvenience and expenses of defendant and his attorneys are taken care of. Therefore, in accordance with the views expressed here, the cause is remanded with directions that the trial court determine such reasonable terms as may be appropriate conditions for the vacation of the

dismissal order and, upon compliance by plaintiff, vacate the dismissal order and proceed with plaintiff's action on its merits.

Because of the foregoing disposition of appeal No. 52,346, it is unnecessary for this court to consider the merits of appeals Nos. 52,792 and 53,001, and they are dismissed without prejudice. In view of the basis of the appeals, costs of the three appeals are assessed against plaintiff.

Appeal No. 52,346 is remanded with directions. Appeals Nos. 52,792 and 53,001 are dismissed without prejudice.

BURMAN, P. J. and ADESKO, J., concur.