PETER BEJDA *et al.*, Plaintiffs-Appellants, *v.* SGL INDUSTRIES, INC., *et al.*, Defendants.—(GERBING MANUFACTURING CORPORATION, Defendant-Appellee.)

First District (5th Division)    No. 78-321

Opinion filed April 20, 1979.—Supplemental opinion filed on denial of rehearing July 20, 1979.

Joseph M. Tobias, of Chicago, for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas R. Nelson, and Edward J. Zulkey, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

The sole issue presented by plaintiffs in this appeal is whether the trial court properly dismissed their product liability action against Gerbing Manufacturing Corporation (Gerbing).

From the relevant facts, it appears that Peter Bejda was injured at his place of employment by metal fragments as the result of the disintegration of the wheel of a grinding machine he was operating. He and his

wife brought an action sounding in strict product liability against four defendants—three of whom were the designer, manufacturer, and seller of the grinding wheel—and the fourth was Gerbing, the designer and manufacturer of the machine drive system. He sought damages for his injuries and his wife for the loss of his services.

The pertinent facts, chronologically, are that on December 12, 1974, a fourth amended complaint was filed by plaintiffs in which it was alleged that the drive system designed by Gerbing was not reasonably safe in that the speed of the wheel was of an imprecise nature and unknown to the operator; that the speed was incapable of reasonably precise control; that the speed was not subject to adequate determination in day-to-day operations; and that the speed tended to increase upward from accepted limits. Gerbing's motion to strike on the grounds that the complaint failed to state a cause of action was denied. On February 10, 1976, Gerbing filed a demand for a bill of particulars and on June 9 it moved to dismiss because of, among other things, plaintiffs' failure to file the requested bill of particulars. This motion had not been acted upon when on June 29 plaintiffs filed such a bill, which contained most of the information asked by Gerbing. An exception, however, was a request that plaintiffs "[i]temize each defect in the 'drive system or installation' which permitted * * * the grinding wheel to run at a rate in excess of tolerable limits and to disintegrate." To this request, plaintiffs replied, "The exact nature of said defects or deficiency is unknown at this time * * *." Gerbing's motion to strike the entire bill was granted on July 26, 1976, and in its order the court gave plaintiffs 56 days within which to file an amended bill. They had not filed such an amended bill when, on January 31, 1977, Gerbing moved to dismiss the complaint for failure of plaintiffs to comply with its July 26, 1976, order. The trial court, however, granted plaintiffs an additional 14 days and, upon their failure to comply, the complaint was dismissed on February 16, 1977, as to Gerbing.

Subsequently, on March 3, 1977, the dismissal was vacated and plaintiffs were granted 84 additional days to file an amended bill. When they still had not complied on September 26, 1977, Gerbing again moved to dismiss on the basis of their failure to file as ordered. The trial court, in response, granted what it stated to be a "final" extension of 14 days, and the motion to dismiss was continued to October 12, 1977. It appears that plaintiffs ultimately delivered, on October 11, 1977, what they termed an "Amended Response to Gerbing's Bill of Particulars," which merely adopted and realleged the bill of particulars they had filed in June 1976. The trial court, finding that the amended response did not "comply with the Court's earlier orders requiring the plaintiff to file an amended Bill of Particulars" entered an order October 14, 1977, granting Gerbing's motion of September 26, 1977, to dismiss. This appeal is from that order.

OPINION

In our consideration of plaintiffs' contention that the trial court improperly dismissed their action against Gerbing, we initially note that plaintiffs were apparently under the impression that the dismissal resulted because a cause of action was not stated in their complaint, and they argue extensively in their briefs here that the allegations were sufficient in that regard. However, the record is devoid of any indication that this was the basis for dismissal and, in fact, an earlier motion by Gerbing to strike the fourth amended complaint for failure to state a cause of action was denied. Accordingly, we do not view the adequacy of the pleadings to be an issue in this appeal.

In resolving the question as to whether the dismissal was otherwise supported by the record, we must first consider whether a trial court possesses the authority to dismiss a complaint under circumstances existing here. The order appealed from sets forth no specific basis for the dismissal, stating only "that the motion to dismiss of Gerbing Manufacturing Corp. filed Sept. 26, 1977, be and is hereby granted." Gerbing, however, took the position in its brief and oral argument here that the dismissal was proper as a sanction under Supreme Court Rule 219, which in relevant part provides:

"Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences

\* \* \*

(c) Failure to Comply with Order or Rules. If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

\* \* \*

(v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his suit be dismissed with or without prejudice; \* \* \*." (Ill. Rev. Stat. 1977, ch. 110A, par. 219.)

It is clear that this rule provides only for dismissal where there is a failure to comply with any provision of Rules 201 through 218 (Ill. Rev. Stat. 1977, ch. 110A, pars. 201-218) or any order entered under these rules. In the instant case, however, the dismissal was entered because of irregularities in plaintiffs' submission of a bill of particulars which is not a discovery device and is neither governed by nor mentioned in Rules 201

through 218. Indeed, as stated above, the record discloses and on oral argument here Gerbing agreed that plaintiffs had complied, albeit belatedly, with all requests for and orders concerning discovery under these rules at the time the dismissal order was entered. Accordingly, we find no merit in the contention of Gerbing that Rule 219 empowered the trial court to dismiss plaintiffs' action against Gerbing under the circumstances here.

■■ Neither do we find such authority in section 37 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 37), the only statutory provision relating to bills of particulars which, in pertinent part, provides as follows:

> "(2) If the party unreasonably neglects to furnish a bill of particulars, or if the bill of particulars delivered is insufficient, the court may in its discretion strike the pleading, allow further time to furnish the bill of particulars or require a more particular bill to be delivered." (Ill. Rev. Stat. 1977, ch. 110, par. 37(2).)

Thus, we see the most severe sanction provided for in this section is the striking of the pleading and, inasmuch as dismissal is not authorized, it cannot be justified as a sanction solely under section 37.

■■ There is no doubt, however, that a trial court does possess the inherent power to dismiss a cause for failure of a party to take some step as ordered where no sufficient excuse is provided. (*Leonard v. Garland* (1911), 252 Ill. 300, 96 N.E. 819; *Van Tieghem v. Sushenka* (1929), 254 Ill. App. 409; *McClay v. Williamson* (1928), 247 Ill. App. 141.) We are thus brought to the ultimate question as to whether the trial court properly exercised its inherent power when it dismissed plaintiffs' action against Gerbing.

In this regard, we feel that the decisions which explain the circumstances under which a case may be dismissed under Supreme Court Rule 219 are persuasive authority for the standard which should be used here. They tell us that "dismissal of a cause with prejudice is a drastic sanction and should be employed only as a last resort, when the uncooperative party shows 'a deliberate, contumacious or unwarranted disregard of the court's authority.' " (*Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 410, 330 N.E.2d 878, 880; *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529; *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488.) Applying this standard to the facts here, we feel that dismissal was unwarranted. We do believe, however, that some sanction was appropriate because of the nature of the amended bill of particulars filed and the dilatoriness in complying with the court's orders concerning said response. The record discloses that when their initial bill of particulars was stricken on July 26, 1976, plaintiffs were given 56 days to file a response, but failed to do so; that when Gerbing moved on January 31, 1977, to dismiss for failure of plaintiffs to comply with the

court's order of July 26, 1976, they were given another 14 days to file their response, but failed to do so, and their action was dismissed as to Gerbing; that the dismissal was vacated on March 3, 1977, and plaintiffs were given another 84 days to file their response; that when they had still failed to comply on September 26, 1977, Gerbing again moved to dismiss, but their motion was continued and plaintiffs were granted another 14 days to file their response; and that when they finally did so, on October 11, 1977, approximately 15 months after their initial bill of particulars was stricken as being insufficient, their amended response merely adopted and realleged the content of that bill of particulars. Such conduct could, by itself, justify the imposition of sanction. We note, however, that plaintiffs did provide all of the discovery requested under Supreme Court Rules; that they had filed the initial bill of particulars and eventually complied with the trial court's order to file an amended response; and that, while said response merely adopted and realleged the content of the initial bill of particulars, the record discloses that plaintiffs did inform the court that they could not provide the information lacking in their initial bill concerning the alleged defect in the product of Gerbing.

■■ Further, as noted above, Gerbing's motion to strike the fourth-amended complaint as being insufficient was denied. A bill of particulars is deemed to be a part of the complaint it particularizes. (*City of Chicago v. Hertz Commercial Leasing Corp.* (1976), 38 Ill. App. 3d 835, 349 N.E.2d 902, *aff'd* (1978), 71 Ill. 2d 333, 375 N.E.2d 1285.) Its object is to supply a deficiency in said complaint (Ill. Rev. Stat. 1977, ch. 110, par. 37(1); *Hemingway v. Skinner Engineering Co.* (1969), 117 Ill. App. 2d 452, 254 N.E.2d 133), and entitlement thereto depends upon the complaint being wanting in detail (*Hemingway v. Skinner Engineering Co.*). Applying this reasoning to the instant case, we think it incongruous to dismiss the action because the bill of particulars was insufficient where the fourth amended complaint had previously been found to sufficiently state a cause of action.

■ Considering the totality of the circumstances here, we find that the drastic action of dismissal was inappropriate but that plaintiffs' conduct, as set forth above, was such that sanction was in order.

Accordingly, we reverse the order of dismissal as to Gerbing and remand with directions that the trial court consider the imposition of a sanction less drastic than dismissal. See *Federenko v. Builders Plumbing Supplies, Inc.* (1970), 123 Ill. App. 2d 129, 260 N.E.2d 41.

Reversed and remanded with directions.

MEJDA and WILSON, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Both parties have filed petitions for rehearing in which matter has been raised requiring further discussion. In its petition Gerbing first suggests that in holding dismissal to be an excessively severe sanction, we did not consider the "totality of the circumstances." It argues that in view of plaintiff's failure to act diligently not only with respect to the bill of particulars but also as to other discovery matters, the dismissal was clearly warranted. The record, however, discloses, and in fact it was admitted by Gerbing on oral argument in this court, that the dismissal order was based solely on problems relating to its request for a bill of particulars. Thus, our inquiry was limited to whether dismissal was a proper sanction for delays in responding to the request with which plaintiff eventually complied, albeit by filing a duplicate of a bill of particulars previously found to be insufficient. On the facts, we found that dismissal was unwarranted, and Gerbing has not referred us to any information we may have overlooked which would indicate this conclusion to be ill-founded.

Gerbing now urges that dismissal is the only effective sanction because an assessment of costs is incompatible with the nature of plaintiff's conduct and, should plaintiffs on remand again ignore requests for a more complete bill of particulars, the effect of our opinion would be to limit the trial court to sanctions short of dismissal. While we held dismissal to be inappropriate under the facts and circumstances of the instant case, there is nothing in our opinion which would prevent the trial court in the exercise of its inherent power and within the bounds of judicial discretion to dismiss plaintiffs' action if further court orders are disregarded.

For the same reasons, we find no merit in Gerbing's further contention that our opinion would hamper the efforts of future litigants to obtain effective sanctions.

In their petition for rehearing, plaintiffs argue that the allegations in their complaint stated a cause of action. They refer us to the holding in *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449, where the court stated:

"A *prima facie* case that a product was defective and that the defect existed when it left the manufacturer's control is made by proof that in the absence of abnormal use or reasonable secondary causes the product failed 'to perform in the manner reasonably to be expected in light of [its] nature and intended function.'" (64 Ill. 2d 570, 574, 387 N.E.2d 449, 452.)

490

They suggest that we should rule on whether the reasoning of *Tweedy* should be applied to the instant case. We note, however, that no question of substantive products liability law was involved in the dismissal order and, in fact, the trial court had previously denied a motion to strike plaintiffs' fourth amended complaint on the ground that it did not state a cause of action. It is thus clear that the *Tweedy* principle is simply not relevant to the issues presented on appeal here, and there is no reason to consider the question of its application to the allegations of plaintiffs' complaint.

Plaintiffs also vaguely assert that "the case ought not to be returned for the imposition of sanctions." At one point they ask, "What is this 'dilatoriness' " that requires the court to send the case back for sanctions; but, in the same paragraph, they answer this question by admitting that their bill of particulars was filed only "after successive orders." They argue that *Federenko v. Builders Plumbing Supplies, Inc.* (1970), 123 Ill. App. 2d 129, 260 N.E.2d 41, cited in our opinion, does not support the imposition of sanctions because the attorney's misconduct in that case was not comparable to that of counsel here. However, this attempt to so distinguish *Federenko* is meaningless, as we cited that case not because of its factual similarity to the instant case but as an example wherein remandment was ordered for reconsideration of the sanction.

For the reasons stated, both petitions for rehearing are denied.

MEJDA and WILSON, JJ., concur.