ELIZABETH B. SANDER *et al.*, Indiv. and as Parents, Guardians and Next of Kin of David J. Sander *et al.*, their Minor Children, Plaintiffs-Appellants, v. DOW CHEMICAL COMPANY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—92—0484

Opinion filed August 13, 1993.

Dennis E. Carlson, of Chicago, for appellants.

Sidley & Austin, of Chicago (Constantine L. Trela, Stephan V. Beyer, and Robert M. Hatch, of counsel), for appellees Dow Chemical Company, E.I. duPont de Nemours, Rohm and Haas, Chevron Chemical, American Cyanamid Co., Ciba-Geigy Corp., Rohne-Poulenc, Union Carbide, Mallingkrodt, Inc., Eli Lilly, Whitemire Research Lab, Dow Elanco, and Uniroyal Chemical Co., Inc.

Sanchez & Daniels, of Chicago (Manuel Sanchez, of counsel), R. Gerald Barris, of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, and Paul A. Rajkowski and Carol Trainor, both of Donohue Rajkowski, Ltd., of St. Cloud, Minnesota, for appellee Monsanto Corp.

Richard C. Bartelt and Ruth E. VanDemark, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee Olin Corporation.

Fred E. Schulz and Ruth E. VanDemark, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee Minnesota Mining and Manufacturing Company.

Robert K. Bush, of Ancel, Glink, Diamond & Cope, P.C., of Chicago, for appellee Des Plaines Park District.

Steven R. Merican, of Rivkin, Radler, Bayh, Hart & Kremer, of Chicago, for appellee Sandoz Pharmaceuticals Corporation.

Michael A. Pollard, of Baker & McKenzie, of Chicago, for appellee BASF Wyandotte Corp.

Patrick Donnelly, of McNeela & Griffin, Ltd., of Chicago, for appellee S.C. Johnson & Son, Inc.

Kurt E. Olsen, of Jerome G. McSherry & Associates, of Chicago, for appellee Precision Laboratories, Inc.

Bennett R. Heller, of Wilson, Elser, Moskowitz, Edelman & Dicker, of Chicago, for appellee Miller Chemical and Fertilizer Company, Inc.

JUSTICE EGAN delivered the opinion of the court:

The plaintiffs, James Sander, his wife, Elizabeth, and his children, David and Karen, appeal from an order dismissing their third amended complaint with prejudice pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) and the denial of the motion to vacate the order of dismissal. The issue in this case is the extent of a trial judge's power to dismiss a complaint with prejudice.

On February 27, 1990, the plaintiffs filed a one-count complaint alleging injuries from James Sander's exposure to insecticides and other chemical products, as a "licensed pesticide applicator" for the Des Plaines Park District. The plaintiffs sought recovery from the

defendants, 26 chemical manufacturers (the chemical defendants), based on a strict liability theory and sought recovery from the defendant, Des Plaines Park District, based on a theory of willful and wanton negligence. James Sander allegedly developed "chemical sensitivities" as a result of his exposure to pesticides during the course of his employment. The complaint also alleged that his wife and children developed similar "sensitivities" as a result of their contact with James Sander's clothing, body, and breath. Elizabeth Sander and the children were not directly exposed to any pesticides or chemicals.

On August 10, 1990, pursuant to an agreed order, the original complaint was "stricken," and the plaintiffs were granted leave to file an amended complaint by September 7, 1990. On September 7, 1990, the plaintiffs filed a "First Amended Complaint" that contained three counts for product liability, negligence, and fraud against only one defendant, Dow Chemical Company (Dow). This complaint made allegations solely on behalf of James Sander; no counts were brought on behalf of Elizabeth or the children. The plaintiffs failed to make any allegations against the other previously named defendants. In their motion for leave to file the "First Amended Complaint *instanter*," the plaintiffs suggested that additional time was needed to file their allegations against the other defendants; however, the plaintiffs failed to formally request an extension.

On September 26, 1990, the plaintiffs requested and were granted 14 days to file an amended complaint that contained allegations against all defendants, including Dow. Judge Paddy McNamara reminded the plaintiffs' counsel that a punitive damages claim could not be pleaded without leave of court.

On October 9, 1990, the plaintiffs filed another "First Amended Complaint" against Dow alone. This complaint was captioned, "Part One as to Dow Only of Multiple Party Defendant Complaint, Entitled as to All Parts, First Amended Complaint, Additional Parties Being Separately Stated and Filed." This version repeated the allegations contained in the first amended complaint, filed on September 7, 1990, and added product liability, negligence, and fraud counts on behalf of Elizabeth and the children. This version also repeated the punitive damages claim, although leave had not been granted to plead this claim. This version also did not contain any allegations against the other defendants.

On November 8, 1990, the chemical defendants (other than Dow) moved to dismiss for want of prosecution. On November 28, 1990, Judge McNamara ordered "that plaintiffs' complaint against *** all other defendants other than Dow is stricken; plaintiffs shall file an

amended complaint against said defendants on or before December 5, 1990."[1] Additionally, Judge McNamara ordered, for the second time, that the punitive damages claim be stricken from the complaint against Dow.

On December 5, 1990, the plaintiffs filed a "Motion [to] Use Sample Form Complaint for Service on Codefendants Not Named in Counts Being Served ***" seeking an order permitting the plaintiffs to serve each defendant "only with one copy of the complaint as to each such defendant bearing the names of that defendant and its products." Apparently, the plaintiffs sought to minimize the photocopying costs of a lengthy complaint against all defendants. A copy of these "form complaints" accompanied the motion and exceeded 400 pages in length. This version of the complaint against Dow repeated verbatim the punitive damages claim that had been previously stricken.

The case was later transferred to Judge Myron Gomberg and then to Judge Michael Gallagher. Judge Gallagher on his own motion set a status hearing for January 24, 1991, at 1 p.m. and granted the plaintiffs leave to file a second amended complaint on or before January 11, 1991. On January 11, 1991, the plaintiffs failed to file a second amended complaint. At the status hearing on January 24, 1991, the plaintiffs' attorney failed to appear. The defendants moved to dismiss for want of prosecution. The judge granted the motion and his written order stated:

"It is hereby ordered that pursuant to defendants' oral motion to Dismiss *** the same is hereby dismissed for want of prosecution the Court having entered said order at 1:18 p.m. with all defense counsel present and in light of the plaintiffs' failure to file a second amended complaint in violation of this court's order of December 12, 1990."

On February 6, 1991, the plaintiffs filed a motion to vacate this dismissal and requested leave to file a second amended complaint which did name all the defendants, including Dow. On February 21, at the hearing on the plaintiffs' motion to vacate, the plaintiffs' attorney explained his absence:

"Well, what happened is that there was a failure to diary the date in the office diary. I was completely oblivious to the fact that the matter was up on that date when that day arrived. ***

---

[1] We point out that there was then no complaint against the other defendants on file.

It *was just simply a lapse of memory. That's all."* (Emphasis added.)

Although the judge granted the motion to vacate the dismissal for want of prosecution, he stated:

"We had 20 people waiting [on January 24, 1991] in here for a long time. You can hear those clocks ticking and those meters running. I don't think it's fair to clients to have to pay for all this high-price stuff when there's nothing done."

On the same day the judge also granted leave to file the second amended complaint. (As an accommodation to the plaintiffs, the defendant Monsanto agreed to absorb the cost of reproducing the 439-page complaint for service upon the other defendants.) The judge ordered the plaintiffs to respond to any motions to dismiss by May 2, 1991, and to object or respond to the defendants' outstanding written discovery on or before April 9, 1991. The plaintiffs agreed to all deadlines set by the judge, who set a hearing for all pleading-related motions on May 16, 1991, at 1 p.m.

On March 28, 1991, all defendants moved to dismiss the second amended complaint pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) The plaintiffs responded to the motions a day late. The plaintiffs failed to respond to the defendants' outstanding written discovery request by April 9, and various defendants filed motions to compel.

The motions to dismiss were heard on May 16, at 1 p.m., as previously scheduled. Fourteen defense attorneys and the judge waited for the plaintiff's counsel until 1:15 p.m. The judge proceeded in the absence of the plaintiffs' counsel and noted the repeated tardiness of the plaintiffs' counsel:

"By my watch it is now 1:15 p.m. We've all been waiting for Mr. Carlson to appear. We have not heard a word as to whether he is on his way or anything as to his whereabouts. This is, I believe, the fourth time that this has occurred, including the time when I dismissed the case for want of prosecution; and if I'm not mistaken, including the date that he came back and moved to vacate the dismissal for want of prosecution. \*\*\* But I don't think it's fair to everybody to wait any longer upon his arrival."

The plaintiffs' counsel arrived at 1:22 p.m. and the judge told him:

"No one had heard from you. No one knew whether you were coming or not coming. \*\*\* Each time we have a matter here, you are late. \*\*\* I also pointed out to everybody who is here, the 14 attorneys by my count, that I set aside an hour and a

half because I'm in the middle of a jury trial. *** I spent a lot of time reading all this material *** and I don't appreciate the fact that each time we have one of these hearings or status reports or whatever, that you're late. *** I don't know what the excuse will be this time. I'm sure you have one, but I don't really want to hear it."

The second amended complaint consisted of 107 counts. Counts I through IV were against Dow. Count I was a product liability count on behalf of James Sander. Count II was a negligence count on behalf of James Sander. Count III was a product liability count on behalf of James Sander's wife and children. Count IV was a negligence count on behalf of James Sander's wife and children. In general, the plaintiffs made the same allegations in four counts against the other chemical defendants that they made against Dow. There were a total of 104 counts against the chemical defendants for negligence and product liability. There was one negligence count against Des Plaines Park District brought by James and Elizabeth Sander and their children. There were two fraud counts against Dow. The allegations of fraud were that Dow had engaged in multi-million dollar national media public advertising and had made "numerous responses to news media inquires [sic] and television and radio talk shows" and that in that national advertising and in those responses Dow had made false and misleading representations that its product was safe and that James Sanders had relied on those representations. He sought punitive damages.

After hearing arguments on the motions to dismiss, the judge dismissed with prejudice all claims of the plaintiffs James and Elizabeth Sander against the Des Plaines Park District. The plaintiffs' attorney had pleaded a claim against the Des Plaines Park District on behalf of the Sander children which combined a strict liability claim with a negligence claim in one count. The judge dismissed the strict liability claim and granted leave to amend the negligence claim. The dismissals with prejudice were made final and appealable pursuant to Supreme Court Rule 304(a). (134 Ill. 2d R. 304(a).) The judge granted the plaintiffs 45 days to replead a negligence claim on behalf of the Sander children against the Des Plaines Park District. (The plaintiffs subsequently filed a notice of appeal in this court on behalf of Elizabeth Sander, but the appeal was dismissed on October 28, 1991, for want of prosecution.) The judge also struck various paragraphs of the complaint that affected 104 separate counts which were addressed to all the chemical defendants. The plaintiffs' attorney did not request a final and appealable order. Additionally, the judge struck the fraud

claims against Dow and granted the plaintiffs 45 days to file a third amended complaint.

On June 27, 1991, in deference to the plaintiffs' attorney's workload, the judge granted the plaintiffs an extension to file their third amended complaint. The plaintiffs also were permitted to respond to Monsanto's motion for a protective order by July 25, 1991. The plaintiffs, however, failed to file their third amended complaint by July 15 and failed to respond to Monsanto's motion for a protective order by July 25, 1991.

On August 2, 1991, the plaintiffs filed a motion for leave to file their third amended complaint *instanter*, but no complaint was attached to the motion. On August 7, 1991, the judge granted the plaintiffs leave to file their "amendment" to the complaint on or before August 12, 1991, and to respond to Monsanto's motion for a protective order by August 22, 1991. On August 12 and August 22, respectively, the plaintiffs failed to file a complaint or response. Instead, the plaintiffs served Dow with a document entitled "Amendment to Complaint Filed on 2/21/91—Count [105] [Product Liability]." This document was not filed with the clerk of the court. The plaintiffs' attorney described this document to Dow's attorney as a "redraft of the first four counts of the complaint against Dow which will serve as a model, subject to various deletions, for most of the remaining defendants." This "redraft" repeated the paragraphs that had been stricken by the judge. The plaintiffs' attorney also explained in his August 20 letter to Dow's attorney, "We intended to amend those counts that were stricken *** by the court but found that the resulting pleading was too messy. *** Thus, we are tardy in filing the currently required amended complaint and need a couple of more days ***." The plaintiffs' attorney did not seek any extension of time to file the third amended complaint.

On August 27, 1991, Dow, along with 13 other defendants, moved to dismiss the plaintiffs' action based on "plaintiffs' failure to comply with [the] Court's orders." At the September 3, 1991, hearing on the motions to dismiss, the plaintiffs' attorney admitted that many of the stricken paragraphs remained in the "amendment." The plaintiffs' attorney defended his action by arguing that he did not want to waive review of those stricken paragraphs on appeal:

> "I'm sure that we picked up some allegations that were attacked before in some way in an attempt to rephrase or paraphrase or get by the arguments that I made before, or at least make a record that we made a second attempt so that if we go up on appeal on certain suballegations, it won't appear that we

have abandoned it. *** We are trying to avoid any claim of a waiver of any grounds that he might have ***."

The judge told the plaintiffs' attorney that he was incorrect about allegedly keeping the stricken paragraphs for purposes of appeal:

"But that won't help you, putting it back in a new complaint. It's already either preserved for appeal by the previous record that we made when we had the hearing, we have hours on those, or they're not. By putting them back in the complaint is not going to reserve anything for appeal. They have been stricken. *** That legally makes no sense to me. *** You obviously were ordered not to replead something. How can there be any waiver? So I think you're legally incorrect, and you're in quicksand on that issue. *** There is no waiver. I can say that for the record. The Appellate Court may disagree with me, but there is no waiver when I strike Count 1 and then give you leave to amend. You are not required to come in and replead Count 1."

The judge denied the defendants' motions to dismiss and ordered the plaintiffs to file their third amended complaint by October 8, 1991. The plaintiffs also were ordered to respond to Monsanto's motion for a protective order by October 1, 1991. The plaintiffs failed to file their third amended complaint or response to Monsanto's motion by October 1 or 8.

On October 15, the plaintiffs' attorney filed an emergency motion for an extension of time. The judge granted the plaintiffs until November 7, 1991, to file their third amended complaint and response to Monsanto's motion for a protective order. The plaintiffs again did not file their third amended complaint or respond to Monsanto's motion by November 7.

On November 12, 1991, the defendants moved to dismiss based "upon the plaintiffs' continuing failure to comply with this Court's orders." In response, the plaintiffs filed an emergency motion for leave to file the third amended complaint *instanter* on November 25, 1991. A copy of the third amended complaint was not attached to the emergency motion.

On November 26, 1991, the judge heard the emergency motion. The third amended complaint was not prepared for the hearing. The judge explained his frustration at not having a complaint:

"You're aware that there have been motions to dismiss in this case? *** [Y]ou should get some help in this case. I mean, obviously, you're very busy. You have an active practice. You say in the motion your health may even be in danger. *** I think that

you would concede that the other parties have a point. We still don't have a complaint. And I have given you lots of time. I've tried to be as fair as I possibly can be."

The judge also pointed out to the plaintiffs' counsel that three court orders had been "neglected" by him:

"I also will, very frankly, tell you that I think I have bent over backwards to be fair to you, and I think that the other attorneys have been very accommodating in terms of your schedule, your lack of promptness on several occasions, the fact that they are willing to show up on a day's notice on emergency motions after three orders have been—have been basically neglected."

The judge permitted the plaintiffs to file their third amended complaint by Monday, December 2, 1991:

"And I tell you right now, if I were you, I would think very, very seriously about having a complaint in proper form here on Monday morning."

On December 2, 1991, the plaintiffs moved to file their third amended complaint *instanter*. The judge continued the motion to December 5, 1991, because none of the defendants had had any time to review the complaint.

On December 5, 1991, the judge heard the pending motion for leave to file the third amended complaint and the motions to dismiss. The third amended complaint contained the 104 counts against the chemical defendants and one count against the Des Plaines Park District. The fraud counts against Dow, which had been stricken, were not pleaded. The defendants argued that the action should be dismissed with prejudice because the plaintiffs repeatedly violated the court's orders, namely that: (1) the filing of the third amended complaint was untimely (the last deadline was November 7, 1991); (2) the plaintiffs' counsel failed to request an extension from the court or any defense counsel after missing the November 7, 1991, deadline; and (3) multiple paragraphs, that had been previously stricken, were repleaded in the third amended complaint. During the following colloquy, the plaintiffs' counsel responded to the argument "verbally" because he had not read the motions to dismiss:

"[PLAINTIFFS' COUNSEL]: I've indicated at the end of the complaint that there are two paragraphs that are repeated throughout when I looked at it that we should have stricken, didn't strike, which is mere surplusage and can easily be rectified by simply reciting in the order that it's stricken. *** Counsel could simply answer the complaint and say previously stricken and go on to the next paragraph and deny it.

[TRIAL JUDGE]: Well, why should he even have to do that? *** I've given you all this time because you've said you're going to have it in good form. And I feel like this is grammar school and I'm Sister Mary *** who has to chide you all the time. I really am sick and tired of it.

[PLAINTIFFS' COUNSEL]: Well, frankly, let me out of the case, Judge.

[TRIAL JUDGE]: *** I've heard so many excuses and please give me more time and please give me this and please give me that. *** Give me another excuse. Go ahead. I'm listening.

\* \* \*

[PLAINTIFFS' COUNSEL]: I'm going to withdraw from the case. I don't want to be involved, and I can't handle it.

[TRIAL JUDGE]: The case is dismissed with prejudice. You have 30 days to move to reconsider, and I won't reconsider it unless there's a complaint that is in proper form with no excuses."

On January 3, 1992, the plaintiffs' attorney did not withdraw from the case. Instead he filed a motion to vacate not, as the judge had mentioned, a motion to reconsider. The proposed fourth amended complaint was not attached to the motion, despite the fact that the motion stated, "Plaintiffs now present a Fourth Amended Complaint."

On January 14, 1992, the judge heard the plaintiffs' motion to vacate the dismissal. The plaintiffs' attorney assured the judge that he personally delivered copies of the fourth amended complaint to each of the defendants' attorneys in the evening of January 13, 1992. However, many of the defendants' attorneys stated that they did not receive a copy. Those attorneys that had received the complaint found that it repeated many of the paragraphs that had been previously stricken. Moreover, the fourth amended complaint repeated the fraud count against Dow Chemical that had been stricken on May 16, 1991, and had been left out of the third amended complaint. The plaintiffs' attorney once again stated that he included the stricken fraud count against Dow in order to preserve the issue on appeal, although the judge had previously told him that this was an incorrect practice. The plaintiffs' attorney also stated, "And if the complaint has sufficiency, it would be an abuse of discretion to strike the complaint with prejudice." The judge said that the sufficiency of the complaint was not the basis of the dismissal, but rather "[Supreme Court Rule] 219(c) *** is

the basis under which I granted the motion [to dismiss with prejudice] in December."

Finally, the judge repeated his reasoning for the dismissal with prejudice:

"I'd suggest to you, sir, that our system and your clients would be much better served if you stop producing these pontificating meanderings that you produced in that motion [to vacate] which was self-serving, self-exculpatory and totally misguided. And instead, do what I have given you more than ample time to do; and that is, file a complaint.

I've listened to you say you could not comply with orders of this Court for every reason from your clients having the flu, to their living out of state, to your trial schedule, to your dizzy spells, to the fact that you're a sole practitioner, to the fact that you don't have the staff, to some now veiled conspiracy theory and even that the Court is not being fair when it treats you on equal footing with the defendants.

*** I told you at that time [December 2, 1991] that you had better have the complaint ready. *** It had been a year. This case was sent to me in December 1990. We have spent a year. I would imagine we have spent probably thousands and thousands of dollars in fees on everyone's part, on your own and everyone else's, for coming in here repeatedly. Not only on that, but coming in here on motions where things were late and my orders were violated repeatedly.

This isn't a situation where you weren't given enough time to amend the complaint. This is a situation where you were given ample time. You went beyond the time that I gave you, and you did nothing."

The judge then denied the motion to vacate the order of dismissal with prejudice.

We begin our analysis of the case with a sense of marvel at the surfeit of patience the trial judge displayed toward the plaintiffs' attorney. The judge's expressions of frustration before his final ruling were completely justified. The forbearance he showed the plaintiffs' attorney was answered by a motion to vacate which was dominated by a tone of sarcasm and disrespect for the judge and included many extraneous matters. For example, the plaintiffs' attorney made an issue of the fact that the case had been assigned to "one judge for all discovery, a luxury no longer afforded any litigants, not involving some large class." He also bemoaned the fact that he was required to spend considerable time in dictating, revising and correcting a "300

page complaint." (It was more than 400 pages.) He accused the defense attorneys of overwhelming him. He ended by saying that the judge "has been an audience for the stoning of the plaintiffs by the mob while those complaining had been more guilty of procedural improprieties than have the plaintiffs."

The conduct of the plaintiffs' attorney in this court is consistent with his conduct in the trial court. Although his conduct here has not been as egregious as it was in the trial court, he has not been a model of diligence here. For example, we granted him an extension for filing his brief and informed him that no further extensions would be granted. He still filed another motion for an extension. He did not file a docketing statement within the required time and did so two months late only after this court ordered him to do so. We dismissed the appeal on the defendants' motion, and the plaintiff filed a motion to vacate. In substance, the motion to vacate chided this court and said that we had made inconsistent rulings and caused the plaintiffs to pay costs they would not have paid if they had known that the appeal would be dismissed. He concluded, "Justice and due process have not been served below nor on appeal." We vacated the order of dismissal and reinstated the appeal. The plaintiffs' attorney then filed his brief.

That brief discloses a disregard of the supreme court rules and consists almost completely of matters that are not properly before us. For example, Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) cautions that "[c]itation of numerous authorities in support of the same point is not favored." In support of his claim that rejection of the fourth amended complaint was an abuse of discretion, the plaintiffs' attorney cites 41 cases; the argument that pleading a cause of action does not require evidentiary allegations has 37 citations; the argument that the complaint states a cause of action for strict liability against manufacturers contains 23 citations; the argument that he stated a cause of action against Des Plaines in negligence for Elizabeth Sander and the Sander children has 39 citations.

Among many of the arguments not properly before us is his claim that the "defendants incited prejudice by continually attacking plaintiffs' counsel" through their various motions. He also raises for the first time the claim that filing an answer to a complaint is a waiver of any objection to the sufficiency of the complaint. Even though Elizabeth Sander appealed from a final order dismissing her complaint against the Des Plaines Park District and the appeal was dismissed for want of prosecution, the plaintiffs' attorney maintains in his brief

that the plaintiffs stated a cause of action for Elizabeth Sander against Des Plaines in negligence.

But the bulk of the plaintiffs' brief involves the argument that the complaint was sufficient. The trial judge expressly based his ruling on Supreme Court Rule 219(c), not the sufficiency of the complaint. The defendants argue in this court that the plaintiffs' argument here that the complaint was sufficient is irrelevant; they insist that Rule 219(c) authorized the judge's ruling. We must take the case as it has been presented to us. Therefore, for the purposes of this appeal, we must consider that the complaint (or complaints) were legally sufficient. The issue before us, therefore, is whether Supreme Court Rule 219(c) is support for the order entered *in this case*. Consequently, the only argument of the plaintiffs that we will address is the claim that Supreme Court Rule 219(c) does not authorize the order entered in this case.

Supreme Court Rule 219(c) provides in part:

"(c) *Failure to Comply with Order or Rules.* If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of part E of article II of the rules of this court [Rules 201 through 224] (Discovery, Requests for Admission, Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

* * *

(v) *** that his action be dismissed with or without prejudice."

■ Without exception, the First District Appellate Court has held that sanctions available under Rule 219(c) may be applied only to violations of discovery orders and pretrial orders. (See *Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 496 N.E.2d 1080; *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 425; *Bejda v. S G L Industries, Inc.* (1979), 73 Ill. App. 3d 484, 392 N.E.2d 38, *aff'd in part & rev'd in part on other grounds* (1980), 82 Ill. 2d 322, 412 N.E.2d 464.) Contrary to the defendants' argument, the 1985 amendment to Rule 219(c) has not affected the holding of *O'Reilly v. Gerber.*

It is clear to us that the basis of the judge's order dismissing the complaint in the case before us was the persistence by the plaintiffs' attorney in repleading matters which had previously been stricken. The judge did not find any violation of a discovery order or pretrial

order. Consequently, while we feel great empathy with the trial judge, we must nonetheless conclude that the order dismissing the complaint with prejudice based on Rule 219(c) may not stand.

The defendants cite *Skees v. Growmark, Inc.* (1987), 158 Ill. App. 3d 842, 511 N.E.2d 982, in which the Third District Appellate Court affirmed a dismissal of a cause of action with prejudice for failure of the plaintiffs to comply with numerous pretrial orders. We do not think that *Skees* is applicable to this case. We have examined the briefs in the *Skees* case; they disclose that no issue was made by the plaintiff as to whether Rule 219(c) applied. The plaintiff conceded that the pretrial order came within the purview of Rule 219(c). The plaintiff's argument was that the judge abused his discretion in imposing the sanction that he did, not that Rule 219(c) did not apply.

The defendants also maintain that the trial judge had inherent authority to dismiss the complaint with prejudice. We are frank to say that we found this an appealing argument in this case. But we also found that the precedential ground offered by the defendants to support this argument is a very shaky one. They rely on *Bejda v. S G L Industries, Inc.* (1979), 73 Ill. App. 3d 484, 392 N.E.2d 38, *aff'd in part & rev'd in part on other grounds* (1980), 82 Ill. 2d 322, 412 N.E.2d 464. In *Bejda,* the trial judge dismissed the complaint on the ground that the bill of particulars the court had ordered the plaintiff to file was insufficient. The appellate court rejected the argument that Rule 219(c) applied but held that the court possesses "inherent power to dismiss a cause for failure of a party to take some step as ordered where no sufficient excuse is provided." (*Bejda,* 73 Ill. App. 3d at 487.) We note that the cases relied on by the appellate court, *Leonard v. Garland* (1911), 252 Ill. 300, 96 N.E. 819, *Van Tieghem v. Sushenka* (1929), 254 Ill. App. 409, and *McClay v. Williamson* (1928), 247 Ill. App. 141, all involve orders dismissing complaints for want of prosecution. Although the appellate court said that a trial court had inherent authority to impose sanctions, it held that dismissal of the complaint was too harsh and remanded the case to the trial court for imposition of a lesser sanction than dismissal.

The supreme court granted leave to appeal and, relying on Supreme Court Rule 273 (73 Ill. 2d R. 273), assumed that the trial judge intended that the dismissal order was with prejudice. The supreme court agreed that the dismissal could be upheld as within the court's inherent authority to control its business. (*Bejda,* 82 Ill. 2d at 329-30.) The court then cited three Illinois cases: *Leonard v. Garland* (1911), 252 Ill. 300 (also cited by the appellate court), *Epley v. Epley* (1928), 328 Ill. 582, and *American Rolling Mill Corp. v. Ohio Iron & Metal*

*Co.* (1905), 120 Ill. App. 614. Those cases were cited to support the pronouncement of the supreme court that "[a] plaintiff's failure to take any action as ordered by the court evidences *want of prosecution* by that party." (Emphasis added.) (*Bejda,* 82 Ill. 2d at 329.) *Leonard v. Garland* and *Epley v. Epley* involved dismissals for want of prosecution. *American Rolling Mill Corp.* simply involved a dismissal. The case was decided in 1905, long before the adoption of Supreme Court Rule 273. Therefore, it is not unreasonable to infer that the dismissal was for want of prosecution.

The supreme court reversed the appellate court's order remanding the case for imposition of any sanction on the ground that the bill of particulars the plaintiff had filed was sufficient. Thus, Bejda represents an expression by the supreme court of *obiter dicta,* and the cases that both the appellate court and supreme court relied upon involved orders dismissing complaints for want of prosecution. Dismissals for want of prosecution are not dismissals on the merits and, therefore, are not "with prejudice." (*Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 496 N.E.2d 1080.) Moreover, *Bejda* involved the sufficiency of the complaint as it was refined by a bill of particulars. The sufficiency of the complaint was the issue before the trial judge and before the reviewing courts.

■ The supreme court has promulgated the rules governing pleadings and has expressly granted the drastic power of dismissing complaints with prejudice only in specified and limited instances. As noted, Rule 219(c) expressly provides for dismissal with prejudice, and Rule 237(b) (134 Ill. 2d R. 237(b)) permits the trial judge to enter any order authorized under Rule 219(c) for failure of a party to appear for trial after proper notice. In the face of those express limitations contained in the supreme court rules, it appears presumptuous for us to say that a trial court has inherent power to dismiss a complaint with prejudice under circumstances which the supreme court has apparently advisedly not included in the rules. This intermediate court requires a more clear direction from the supreme court than the *Bejda* opinion provides.

Moreover, as previously noted, for the purposes of this appeal, we must consider that the complaint was sufficient. In this regard, this case should not be confused with cases like *Latex Glove Co. v. Gruen* (1986), 146 Ill. App. 3d 868, 497 N.E.2d 466. In that case the trial judge dismissed the third amended complaint with prejudice and denied the plaintiff leave to file a fourth amended complaint. The appellate court affirmed the trial judge's orders of dismissal and denial of leave to amend. But the threshold question the appellate court ad-

dressed was the sufficiency of the complaint that was dismissed, and the court determined that the complaint was insufficient. If the judge in the case before us had denied leave to file the amended complaint and dismissed the complaint with prejudice, then the sufficiency of the complaint would have been before us. In sum, we find no authority to dismiss a valid complaint with prejudice other than that authority provided in the supreme court rules.

It appears to us that the problem in this case arises from the plaintiffs' attorney's misunderstanding of cases like *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 155, 499 N.E.2d 125, in which the court stated:

> " 'It has always been the rule in this State that if a party wishes to have the action of the court in overruling his demurrer reviewed, he must abide by his demurrer. By pleading over, he waives his demurrer and the right to assign error upon the ruling.' (*Cottrell v. Gerson* (1939), 371 Ill. 174, 179.)"

The plaintiffs' attorney correctly recited the rule to the trial judge but he was not correct in his interpretation of it. Under the rule, the plaintiffs' attorney had the option of standing on his complaint and receiving an appealable order and then appealing. The rule does not mean that he may refuse to stand on his complaint and then persist in a game of pleading ping-pong in the face of repeated adverse rulings.

The plaintiffs' persistence in repeating pleadings that had previously been stricken would justify an order of dismissal for want of prosecution of those counts of the complaint which had previously been stricken. It is clear that courts have inherent power to dismiss suits for want of prosecution. (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 425.) As noted before, the judge could also have denied leave to amend and dismissed the complaint. (*Latex Glove Co. v. Gruen* (1986), 146 Ill. App. 3d 868, 497 N.E.2d 466.) Under either of those rulings, the sufficiency of the complaint would have been before us. However, the defendants have insisted that the sufficiency of the complaint is not an issue.

For these reasons, we must remand this case to the circuit court for further proceedings. The proceedings should begin at the point of the plaintiffs' motion for leave to file the third amended complaint. We note that the third amended complaint includes the charge of negligence against the Des Plaines Park District by Elizabeth Sander. We point out that her complaint against the Des Plaines Park District had previously been dismissed with prejudice and that that order was appealed and the appeal dismissed. Consequently, it is clear to us that the order of dismissal was an adjudication on the merits and would

bar any claim of Elizabeth Sander against the Park District on the basis of *res judicata*. By expressly noting the infirmity in that portion of the third amended complaint, we do not mean to express any opinion on the validity of the remainder of the third amended complaint.

We further point out that the supreme court rules and the court's inherent power provide a trial judge with ample authority under appropriate circumstances to impose sanctions such as the imposition of fines and the taxing of costs and attorney fees.

Judgment reversed and cause remanded.

RAKOWSKI and GIANNIS, JJ., concur.